### FOUTS BROS. v. AYRES & CC.

No. 1347.

**1.  Conversion—Right of Mortgagee of Chattels.**

A mortgagee of personal property not in possession, nor entitled to possession, may maintain an action for conversion against one who with notice of the mortgage purchases the property from the mortgagor.

**2.  Charge of Court—Stating Issues.**

That the charge in stating to the jury the issues made by the pleadings uses words not in the pleadings, is not reversible error where the added words do not change the case as made by the pleadings, nor introduce a new issue.

APPEAL from Coryell.   Tried below before Hon. S. F. DUFFIE.

*Arnold & West,* for appellants.

No brief for appellees reached the Reporter.

FISHER, CHIEF JUSTICE.—This is a suit by appellees against appellants to recover damages for the value of certain cotton alleged to have been converted and appropriated by appellants, and upon which the appellees held a mortgage. Judgment below was in favor of the appellees for the value of the cotton, which amount was less than the debt held by appellees against the mortgagor. The appellees' claim to the cotton grows out of a mortgage executed to them by T. M. Cass, the owner of the cotton.

After the mortgage was properly executed and recorded, the mortgagor sold and delivered the cotton to appellants. The appellees' mortgage on the cotton was not accompanied with possession, nor was possession authorized by that instrument. Under this state of the facts, the proposition is urged that a mortgagee out of possession, and who is not entitled to possession by virtue of the terms of his mortgage, cannot maintain an action for damages resulting from a conversion of the mortgaged property. In those jurisdictions where it is held that the mortgagee has the legal title, there could be no question about his right to recover damages for conversion of the property covered by the mort-

gage. In this State, the right of the mortgagee to follow the property and foreclose his lien in whosesoever hands it may be found has always been recognized. The mortgagor's title to the property and his present right of possession does not warrant him in placing the property in the hands of a purchaser so as to relieve it of the lien and claim of the mortgage. And it would seem in reason that when the purchaser who knows of the rights of the mortgagee, takes possession of the property and uses it or disposes of it, or when a trespasser converts it to his own use, the mortgagee should have the right to charge the trespasser or such pretended purchaser with the value of the property to an amount not exceeding his debt, or he should have the right, if he elected to pursue this remedy, to foreclose his lien against the property in the hands of such third party. In a case such as this one before us, where there is no controversy about the debt or its amount, it ought not to be held that a third party who has the possession of the incumbered property can force the mortgagee to rely alone upon a foreclosure of his lien; and when such third party does not offer to redeem by paying the debt to the extent of the value of the mortgaged property, he should not be heard to complain if he is sought to be charged with the value of the property in his hands that is covered by the mortgage.

The mortgagee, under such circumstances, may sue for a conversion of the mortgaged property. Focke v. Blum, 82 Texas, 437-443; Boydston v. Morris, 10 S. W. Rep., 331; Taylor v. Tieder, 23 S. W. Rep., 481; Zapp v. Johnson, 30 S. W. Rep., 861; Worth v. Gibbs, 30 S. W. Rep., 1127.

The court in the main stated the effect of the pleadings in its charge; and because it may have used, in addition, words not in the pleadings, in submitting the issue to the jury, is not reversible error, when the charge does not present an issue not raised by the record. The court in stating the issue merely added words that did not change the case as made by the pleadings or introduce a new issue in the case, and such words may be regarded as surplusage, as the use of them certainly did not and could not have misled the jury as to the real issues in the case. The remaining assignments do not present any reversible error. The theory of the defense was covered by the charge of the court, and the verdict of the jury is justified by the evidence showing that the mortgagor Cass did not become liable to A. S. Fouts, or Fouts & Bros., as his landlords. The evidence of Cass establishes this fact. We find no error in the record, and judgment is affirmed.

*Affirmed.*

Delivered October 30, 1895.