## Buffalo Pitts Company v. Stringfellow-Hume Hardware Company.

### Decided May 7, 1910.

**1.—Conversion—Mortgaged Chattel—Rights of Mortgagee.**

It is well settled in this State that a chattel mortgagee although not in possession of the mortgaged property may maintain an action against a wrong-doer for the conversion of the same.

**2.—Pleadings—Exceptions—Immateriality.**

When the court submits to the jury only one of several issues pleaded, the rulings of the court upon exceptions to the pleadings on the other issues, become immaterial.

**3.—Conversion—Charge.**

The issue being whether or not a defendant participated in the conversion of mortgaged property, the court properly refused a requested charge to the effect that the mere acceptance by said defendant of the proceeds of the sale of said property would not amount to a conversion, because such charge was upon the weight of the evidence.

**4.—Same—Evidence.**

Testimony that the purchaser of mortgaged property first executed his note for the purchase money and a mortgage to secure the same to a third party instead of to the mortgagor, was admissible as tending to show that said third party participated in the conversion of the property.

**5.—Same—Remedy.**

A mortgagee of personal property is not bound to pursue his remedy of foreclosure when the property has been sold to and converted by a third person, but he might sue and recover against such person the value of the property converted, not to exceed, however, the amount of the mortgage lien.

**6.—Same—Definition.**

If a third person without the consent of the mortgagee appropriates to his own use and destroys the mortgaged property, he is guilty of conversion; and so when he purchases such property and resells the same to another.

**7.—Same—Interest—Pleading.**

That plaintiff did not specifically pray for interest upon the value of property converted by the defendant, is no reason why the jury should not allow it if they saw proper to do so, and the total recovery did not exceed the amount prayed for in the petition.

**8.—Same—Judgment—Foreclosure.**

Where a third party is sued with the mortgagor for the conversion of personal property and such third party alone appeals from a judgment against them, he can not complain that the judgment of the trial court did not follow the verdict and foreclose the plaintiff's mortgage lien.

---

Appeal from the County Court of Potter County. Tried below before Hon. W. M. Jeter.

*W. E. Gee,* for appellant.—A chattel mortgagee out of possession has no title to the goods, and can not maintain an action for conversion against a purchaser from the mortgagor. London v. Miller, 19 Texas Civ. App., 446; Niagara Stamping & Tool Co. v. Oliver, 33 S. W., 689; Groos & Co. v. First Nat'l Bank of Iowa Park, 72 S. W., 402.

Since lien on mortgaged property does not follow proceeds of sale, accepting proceeds of sale can not constitute conversion of property or a ratification of act of conversion. Estes v. McKinney, 43 S. W., 557.

The court erred in permitting the witness W. F. Thurman to testify, over the objections of this defendant (appellant), that he executed a mortgage and notes direct to this defendant, for the plows and harrow alleged to have been converted. Guess v. Lubbock, 5 Texas, 538; Jobe v. Ollre, 80 Texas, 185; Tinsley v. Penniman, 12 Texas Civ. App., 591.

In a suit for damages for conversion it is error to render judgment for interest, unless the petition contains a prayer for interest. Sanger v. Thomason, 44 S. W., 408; Texarkana Water Co. v. Kizer, 63 S. W., 913.

The court erred in overruling the defendant's (appellant's) motion for a new trial and refusing to set its judgment aside, because the judgment is not in conformity with, and does not follow the verdict of the jury in this, that it does not provide for the foreclosure of plaintiff's mortgage, and does not find that any mortgage lien existed on the plows and harrow alleged to have been converted at the time of such alleged conversion. Blankenship v. Berry, 28 Texas, 451; Stafford v. Kind, 30 Texas, 277; Bledsoe v. Wills, 22 Texas, 651.

*Cooper & Stanford,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Stringfellow-Hume Hardware Company recovered a judgment against Buffalo Pitts Company for the conversion of certain farm machinery, from which the latter company has appealed. Briefly stated, the evidence shows that Oscar W. Nelson, now deceased, and Naaman Nelson executed their note in favor of the appellee for the sum of six hundred dollars, which note was secured by a chattel mortgage upon the property involved, consisting of three six-disc plows, one five-disc plow and one drag harrow. The Nelsons also owned a certain engine upon which appellant held a first mortgage lien, and one, W. T. Thurman, afterward purchased such engine, plows, etc., and the evidence tends to show that the sale to Thurman was made directly by appellant though the transaction in form was a conveyance from Naaman Nelson to Thurman, turning over the proceeds, cash and notes to appellant to satisfy the Nelson indebtedness. Several issues were made by the pleadings, but the only one submitted as against this appellant was in the following paragraph of the charge:

"If you find and believe from the evidence that in the alleged sale of the plows and other machinery to the defendant Thurman, it was covered by the plaintiff's mortgage, the defendant, the Buffalo Pitts

Company, through its agent, A. T. Renfro, acting within the scope of his authority, wrongfully and unlawfully took possession of and converted the same to his own use without the consent of the plaintiffs, the Stringfellow-Hume Company, and the said machinery has been injured and worn out so that the same has become of no value to the plaintiffs, and such machinery has been since such conversion, if any, kept in such a state of control by the defendants that plaintiffs have been unable to exercise their right of foreclosure under their mortgage, you will find for the plaintiffs under their plea of wrongful conversion, the reasonable value of said property covered by their mortgage at the time of the conversion, if you find there was a conversion, not to exceed the sum of five hundred dollars as damages."

It is first insisted by the appellant that a peremptory instruction should have been given in its favor for the following reasons: It had exercised no acts of ownership or control over the property; the acts of its agent, Renfro, were without the scope of his authority; a chattel mortgagee out of possession can not maintain an action for conversion of the mortgaged property; and, lastly, the mortgage lien does not attach to the proceeds of the sale of mortgaged property, which in this instance were merely turned over to appellant. We can not assent to any of these propositions. As previously stated, the evidence tends to show that appellant did take actual possession of the plows and harrow, and did sell them to its co-defendant Thurman, though it caused the transaction to assume the form of one between Nelson and Thurman. The agent, Renfro, who made this sale, was undoubtedly within the scope of his authority, for it is undenied that he was entrusted by appellant with the specific duty of closing this matter up with Nelson and Thurman, and appellant has at no time repudiated any act of his in the premises. That a chattel mortgagee out of possession may maintain an action against a wrongdoer for the conversion of the mortgaged property is well settled in this State. See Scaling v. First National Bank of Wichita Falls, 39 Texas Civ. App., 154 (87 S. W., 715), and authorities there cited.

The court's rulings on exceptions complained of in the second and seventh assignments become immaterial in view of the single issue submitted in the charge. The complaint of the fourth paragraph of the court's charge is without merit, since the charge directed a finding in appellant's favor. If its agent, Renfro, was actually beyond the scope of his authority in making the sale of appellee's property, as alleged, and that appellant at no time thereafter ratified or acquiesced in his acts, it certainly is not affirmative error, even though appellant would have been entitled to a more favorable charge upon request. The requested charge to the effect that the acceptance of the proceeds of the property in question by the appellant, would not render it guilty of conversion of said property, was properly refused as being on the weight of the evidence. So also, the court's ruling was right in admitting the testimony of the witness Thurman to show that he first executed a mortgage and notes direct to this appellant for the plows and harrow alleged to have been converted, since such testimony tended to show the real connection of appellant with the transaction.

The most interesting question presented is raised by the sixth assignment, wherein complaint is made of the court's refusal to allow appellant to prove by the witness Thurman, that he never questioned the right of appellee to foreclose its mortgage on the plows and harrow in his possession. The evidence shows that the property had remained in the possession of Thurman and was at the time of the trial within the jurisdiction of the court, though it was perhaps much used and badly worn. If the conduct of appellant amounted to a conversion, then appellee was not bound to pursue its remedy of foreclosure, but might recover against appellant the value of the property converted, not to exceed, however, the amount of the mortgage lien. Fouts v. Ayres, 11 Texas Civ. App., 338 (32 S. W., 435); Scaling v. First National Bank, 39 Texas Civ. App., 154 (87 S. W., 715). It is no answer in such a case to show that the property is still in existence and subject to the mortgage lien. If a third person without the consent of the mortgagee, appropriates to his own use and destroys the mortgaged property, he is of course guilty of a conversion. It seems also to be held that he is guilty of a conversion when he purchases such property and re-sells the same to another. This is such an act of ownership in hostility to the mortgage as to constitute a conversion. Western Mortgage & Investment Company v. Shelton, 8 Texas Civ. App., 550 (29 S. W., 494); McCown v. Kitchen, 52 S. W., 801; Nichols v. Minnesota Thrashing Mfg. Co., (Minn.) 73 N. W., 415; Jones on Chattel Mortgages, section 490. Another reason is given in Western Mortgage & Investment Company v. Shelton, *supra*, why such purchaser of mortgaged property is guilty of a conversion, and that is, that the statute forbids such sale by the mortgagor. Sayles' Texas Civil Statutes, article 3333. So that, whatever may be said of the defendant Thurman's liability where he had not himself disposed of the mortgaged property, a question in no manner before us, clearly appellant's liability was complete, and Thurman's willingness or unwillingness to a foreclosure could not affect the matter.

That appellee's petition did not specifically pray for interest is no reason why the same should not be allowed by the jury if they saw proper to allow it, the total recovery, however, being limited by the amount prayed for in the petition. Ft. Worth & D. C. Ry. Co., v. Greathouse, 82 Texas, 104. Nor can appellant complain because the judgment does not follow the verdict by foreclosing appellee's mortgage lien. Such error, if it is an error, does not affect any issue between the parties to this appeal. If it be conceded to be fundamental error, it is with respect to a judgment not before us, and it is, therefore, not our duty to correct it.

We think the judgment finds support in the evidence and there are no errors requiring reversal. Judgment affirmed.

*Affirmed.*