OSWALD v. GILES et al. (No. 6942.)

(Court of Civil Appeals of Texas. Galveston. June 17, 1915.)

1. CHATTEL MORTGAGES ⬤⟿225—TRANSFER BY MORTGAGOR—LIABILITY OF PURCHASER.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5660, providing that mortgaged property shall not be removed from the county nor otherwise disposed of without the consent of the mortgagee, and that, if removed or disposed of, the mortgagee shall be entitled to possession and to sale for the payment of his debt, whether it is due or not, defendants, demurring to the allegation of the petition that they bought the property upon which plaintiff held a chattel mortgage to secure an indebtedness with full knowledge of its existence, and thereafter, without plaintiff's consent, removed the property from the county, contrary to a provision of the mortgage, were liable for a conversion of the property, for which plaintiff, as assignee of the mortgage, was entitled to sue.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 468–470; Dec. Dig. ⬤⟿225.]

2. CHATTEL MORTGAGES ⬤⟿213—TRANSFER BY MORTGAGOR—ACTION BY PURCHASER.

In such case, plaintiff was not required, in order to establish his lien upon the property, to prosecute a suit against the nonresident mortgagor.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 463–465; Dec. Dig. ⬤⟿213.]

3. PLEADING ⬤⟿246—GENERAL DEMURRER—AMENDMENT.

Where the court sustained a general demurrer to a petition, in a suit to recover damages for the alleged wrongful conversion of property upon which plaintiff claimed the lien of a chattel mortgage, it would not have availed plaintiff to have amended his petition to meet an objection presented by defendants' special exception.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 676–683; Dec. Dig. ⬤⟿246.]

4. LIMITATION OF ACTIONS ⬤⟿182—PLEADING — TRANSFER BY MORTGAGOR — ACTION AGAINST PURCHASER.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5706, providing that the defense of limitation cannot be available, unless it is specifically set forth as a defense in the answer, where the petition did not affirmatively show that the cause of action was barred, the defense of limitation could not be raised by exception, but only by specially pleading and proving facts showing that the cause of action was barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 676–680, 682, 695, 705; Dec. Dig. ⬤⟿182.]

Appeal from Galveston County Court; George E. Mann, Judge.

Suit by E. E. Oswald against R. E. L. Giles and others. Judgment for defendants and plaintiff appeals. Reversed and remanded.

King & Hughes, of Galveston, for appellant. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellees.

PLEASANTS, C. J. This suit was brought by appellant to recover damages for the alleged wrongful conversion by appellees of property upon which appellant claims a lien to secure an indebtedness due him by R. E. L. Giles and the American Type Founders Company, who, together with appellees Marsene Johnson and W. C. Lessing, were defendants in the suit as originally brought. Plaintiff's third amended petition, to which the court below sustained a general demurrer and special exceptions presented thereto by defendants Johnson and Lessing, is as follows:

"Your petitioner, E. E. Oswald, a resident citizen of Dallas county, Tex., hereinafter styled plaintiff, complains of the defendants Marsene Johnson, of Galveston county, Tex., and W. C. Lessing, of Harris county, Tex., this cause having heretofore been dismissed as the American Type Founders Company, a corporation, and R. E. L. Giles, who is now, and has been since the institution of this suit, a nonresident of the state of Texas, and files this his third amended original petition in lieu of and as a substitute for his second amended original petition filed in this cause on June 26, 1914, and for such amendment says:

"(1) That heretofore, to wit, on or about the 4th day of June, A. D. 1909, R. E. L. Giles, for the valuable consideration paid to him by the American Type Founders Company, executed and delivered to the American Type Founders Company his two certain promissory notes of that date, wherein said R. E. L. Giles promised to pay to the order of the American Type Founders Company, at Dallas, Tex., on January 1, 1910, the sum of $200, and on June 10, 1910, the sum of $148, with interest on each sum from date of said notes until maturity at the rate of 6 per cent. per annum, and 10 per cent. additional on all the said sums as attorneys' fees, if these notes were placed in the hands of an attorney for collection after maturity.

"(2) That for a valuable consideration, and for the purpose of better securing the payment of said notes at maturity, according to their tenor and effect, R. E. L. Giles, on or about the 10th day of June, 1909, made, executed, and delivered to the American Type Founders Company (a corporation) a chattel mortgage on certain printing machinery, printing presses, printers' supplies and materials; the same being fully described in the true copy of said chattel mortgage which is thereto attached and marked 'Exhibit A,' and made a part hereof. The original of said chattel mortgage being duly recorded in the chattel mortgage records of Galveston county, Tex., and of said chattel mortgage the defendants herein had both actual and constructive notice. That, by the terms of said chattel mortgage, the property therein described was to be answerable for the debt secured by same, and, in case of default in the payment of the notes herein described when due, said property was to immediately become subject to foreclosure for the satisfaction thereof, and further by the terms of said chattel mortgage it was agreed and covenanted that the mortgagor would not sell, assign, or dispose of the aforesaid property, or any part thereof, or attempt to do so, or remove, or attempt to remove, or permit the removal of, the same, or any part of said property, from Galveston county, Tex., without the written consent of the mortgagee.

"(3) That after the making and recording of the said chattel mortgage hereinabove described, and of which the said defendants had due notice, as aforesaid, the said defendants Marsene Johnson and W. C. Lessing, on or about March 20, 1911, bought and removed the property described in said chattel mortgage out of the county of Galveston, Tex., without the written consent of the mortgagee, as provided in said chattel mortgage, and thereby converted said property to their own use and benefit.

"(4) That on or about the 1st day of November, 1911, for a valuable consideration, and in the due course of business the American Type Founders Company sold and transferred and assigned unto the above plaintiff, E. E. Oswald, the above-mentioned notes, chattel mortgage, and all rights accruing thereunder, together with all claims and demands of every kind whatsoever, existing in favor of said corporation against R. E. L. Giles, Marsene Johnson, and W. C. Lessing, guaranteeing the payment thereof to the said E. E. Oswald.

"(5) That the notes hereinabove described in paragraph 1 of this petition were at the time of the conversion hereinabove alleged, and are now, long past due and unpaid, and the chattel mortgage hereinabove described to secure said notes was, at the time of said conversion, wholly unsatisfied and has never been satisfied.

"(6) That, by reason of said transfer, this plaintiff became and now is the legal and equitable owner and holder of said notes hereinabove described, and said chattel mortgage and all claims and demands arising therefrom, and defendants are therefore liable to the plaintiff for the conversion of said property, as hereinabove described, and have damaged him to the extent of the amount of his claim against said property described in said chattel mortgage, principal, interest, and attorneys' fees, and that the property so converted by the defendants is and was at the time of its conversion of the reasonable value of $750, and plaintiff alleges that he has been damaged in the sum of $600.

"Wherefore plaintiff prays for judgment for the amount of his damage and costs of suit, and for such other relief, both general and special, in law and in equity, as the plaintiff may show himself justly entitled to."

This petition was filed October 1, 1914. The special exception interposed by the defendants was as follows:

"And said defendants come and especially except to paragraphs 1, 2, 3, 4, and 5 of plaintiff's said petition, and says the allegations in said paragraphs contained are wholly insufficient for this: Plaintiff alleges in said five paragraphs of his petition that, at the time the personal property mentioned was bought by the defendant Johnson on March 20, 1911, the American Type Founders Company had a mortgage lien upon said personal property to secure the payment of two notes aggregating the sum of $348, said notes being one for $200, and due January 1, 1910, and the last note being for $148, and due on June 10, 1910, which said notes had been theretofore executed by one R. E. L. Giles; and defendants especially except to said paragraph of said petition for this: That the plaintiff does not allege that the notes and the mortgage lien securing the same, if any he ever had, had been sued upon and foreclosed by due process of law within the four years next after said last one of said notes had become due and payable, and prior to the time said notes and mortgage became void, and suit to recover thereon became barred by the statutes of four years' limitation of the state of

Texas, and of this the judgment of the court is prayed."

The first assignment of error complains of the judgment of the trial court sustaining defendants' general demurrer to plaintiff's petition. The assignment must be sustained.

[1] The petition alleges that defendants bought the property upon which plaintiff held a mortgage to secure the indebtedness due him, with full knowledge of the existence of the mortgage, and thereafter, without the consent of plaintiff, removed the property from the county of Galveston, where it was situated at the time the mortgage was executed. The mortgage, which was attached to the petition as an exhibit, provides that the property should not be removed from Galveston county without the consent of the mortgagee. Article 5660, Vernon's Sayles' Civil Statutes, provides, in substance, that mortgaged property shall not be removed from the county nor otherwise disposed of without the consent of the mortgagee, and that, in case of a violation of this provision, "the mortgagee shall be entitled to the possession of the property, and have the same sold for the payment of his debt, whether the same is due or not."

The purchase of the property by the defendants with notice of the mortgage and its removal from the county of Galveston, without the consent of the holder of the mortgage, was a conversion of the property, and plaintiff, as the assignee of the mortgage, was entitled to sue therefor. Western Mortgage & Investment Co. v. Shelton, 8 Tex. Civ. App. 550, 29 S. W. 494; Fouts v. Ayres, 11 Tex. Civ. App. 338, 32 S. W. 435; Scaling v. Bank, 39 Tex. Civ. App. 154, 87 S. W. 715; Buffalo Pitts Co. v. Hardware Co., 129 S. W. 1161; Focke v. Blum, 82 Tex. 436, 17 S. W. 770.

[2] Giles, the maker of the note, being a nonresident of the state, plaintiff was not required, in order to establish his lien upon the property, to prosecute the suit against him.

The general demurrer having been improperly sustained, the judgment must be reversed, regardless of whether the special exception raising the defense of limitation was properly sustained.

[3] The court having sustained the general demurrer, it would not have availed appellant anything to have amended his petition to meet the objection presented by the special exception.

[4] It appears from the petition that the notes evidencing appellant's indebtedness were due more than four years before the third amended petition, to which the special exception was addressed, was filed. This petition refers to a second amended petition and the date of its filing, which date was also four years after the maturity of the notes. The date of the filing of the original petition and the first amended petition is not stated in the third amended petition, and therefore it does not affirmatively appear from said petition that this suit was not filed within four years from the maturity of the notes. The defense of limitation can only be raised by exception when it affirmatively appears from the face of the petition that the cause of action asserted is barred. The statute provides that the defense of limitation cannot be available, unless it is specifically set forth as a defense in the answer of the defendant. Vernon's Sayles' Civil Statutes, art. 5706. When the facts pleaded by the plaintiff show that the cause of action is barred, all that is required of the defendant in order to avail himself of the defense of limitation is to specially except to the petition on the ground that it shows that cause of action is barred; but, unless the facts stated in the petition show this, the defendant can only invoke the defense of limitation by specially pleading and proving facts showing that the cause of action accrued a sufficient length of time before the institution of the suit to complete the bar of limitation. Hudson v. Wheeler, 34 Tex. 356; Alston v. Richardson, 51 Tex. 1.

As before stated, we do not think the petition before set out shows that plaintiff's cause of action was barred, and therefore the trial court erred in sustaining the special exception.

It follows from these conclusions that the judgment of the court below should be reversed, and the cause remanded; and it has been so ordered.

Reversed and remanded.