LIBERAL LOAN & REALTY CO. v. MEYERS. (No. 5667.)

(Court of Civil Appeals of Texas. San Antonio. May 10, 1916.)

1. ANIMALS ☞46 — ENFORCEMENT OF LIEN — PARTIES.

In a suit for the conversion of certain horses, upon which plaintiff alleged a lien for their food and care, the owner, who had entered into an agreement with plaintiff for their care, and of whom the defendant purchased, while a proper, was not a necessary, party.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 141, 142; Dec. Dig. ☞46.]

2. ANIMALS ☞46 — LIEN — RIGHTS OF PURCHASER.

Where plaintiff had a lien on horses for food and care, and defendant knew that the one from whom it bought them owed plaintiff therefor, it could not take possession of them without paying plaintiff's debt.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 141, 142; Dec. Dig. ☞46.]

3. FRAUDULENT CONVEYANCES ☞300(7) — EVIDENCE—INADEQUATE PRICE.

The fact that two horses on which plaintiff had a lien for food and care, together with other personal property, were sold for $50, and that immediately afterwards the horses were sold for $225 or $250, indicated that the sale was simulated to defeat creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 902; Dec. Dig. ☞300(7).]

4. ANIMALS ☞46 — LIEN — RIGHT AGAINST PURCHASER.

Plaintiff, who, under an agreement with the owner, had a lien upon horses for their food and care, had a right of action for the conversion of the horses by a purchaser from the owner, who did not discharge the lien.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 141, 142; Dec. Dig. ☞46.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by C. C. Meyers against the Liberal Loan & Realty Company. From a judgment for plaintiff, reversing a judgment in justice court for defendant, defendant appeals. Affirmed.

Chambers & Watson, of San Antonio, for appellant. Mangum & Townsend, of San Antonio, for appellee.

FLY, C. J. This is a suit for $171.95 instituted by appellee against appellant in the justice's court. The suit is based on the conversion of certain horses by appellant, upon which appellee alleged that he had a lien for their food and care. A trial in the justice's court resulted in a judgment for appellant, and upon appeal to the county court the

judgment was rendered in favor of appellee for $75.61. This suit is based solely upon the ground that appellee had a lien on certain horses owned by A. C. Gotwalt, which he had placed with appellee to be fed, cared for, and trained to the use of appellant. It is agreed that the cause be submitted upon the following issues:

"(a) Was A. C. Gotwalt, who entered into an agreement with plaintiff for said horses to keep same at $40 per month, and who was not a party to this suit, and who did not appear, a proper and necessary party?

"(b) Did the plaintiff lose his lien on said horses, if any he had, when he placed same in the pasture of Francis Dullnig?"

[1-3] We answer the first issue that Gotwalt might have been a proper party, but was not a necessary one. If appellee had a lien on the horses for food and care given them, and appellant knew that Gotwalt owed him for such care and food, it could not take possession of the horses without paying appellee's debt, although appellant may have bought the horses from Gotwalt. In this connection it may be stated that when two horses and other personal property are sold for $50, and the horses are immediately sold for $225 or $250 the indications are that the sale was simulated to defeat creditors.

[4] In the case of Fouts v. Ayres, 11 Tex. Civ. App. 338, 32 S. W. 435, it was held that a mortgage of chattels, though not entitled to possession thereof, may sue one for conversion who bought the chattels from the mortgagor with notice of the incumbrance. It was also held that the mortgagee was not compelled to foreclose his lien, but may sue the person who converted the property and recover a judgment against him. There are numerous decisions cited which sustain the opinion. In the case of Focke v. Blum, 82 Tex. 436, 17 S. W. 770, the court held:

"It is well settled that a mortgagee or lienholder may sue for a conversion of the mortgaged property or for a trespass upon it."

Again, in the case of Scaling v. Bank, 39 Tex. Civ. App. 154, 87 S. W. 715, the court said:

"Under the rule in this state, a mortgagee may maintain an action against one who wrongfully converts the mortgaged property, or a part thereof; and this, too, whether at the time he is entitled to the possession of the same or not. The action is an equitable one, but the mortgagee has shown his damages when he establishes that the defendant has deprived him of his right to a foreclosure and sale of the security for the satisfaction of his debt, and is entitled to recover compensation of such party, measured by the amount of his debt, if that be less than the value of the security lost."

Several authorities are cited to sustain the holding of the court. In the case of Ward v. Gibbs, 10 Tex. Civ. App. 287, 30 S. W. 1125, it was held that the landlord could sue for conversion of property raised on his farm, without making the tenant a party. To the same effect is Oswald v. Giles, 178 S. W. 677, and Rector v. Mill Co., 103 S. W. 710. The authorities cited by appellant are not applicable to the state of facts disclosed by this record.

Appellee did not sue appellant on a contract, but on a tort, and consequently the contention about suing in one court on an implied contract and in another on an express contract has no force or merit. The horses, when placed in the pasture, were still in the possession of appellee, and they were taken from his possession, through the procurement of appellant, over his protest.

There is no merit in any of the assignments of error, and the judgment is affirmed.