EQUITABLE LOAN SOC. v. TAYLOR BROS. JEWELRY CO. (No. 7249.)

(Court of Civil Appeals of Texas. Galveston. Nov. 10, 1916. Rehearing Denied Nov. 23, 1916.)

CHATTEL MORTGAGES ☞225(2) — SALE OF MORTGAGED PROPERTY—LIABILITY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5660, prohibiting sale or removal of mortgaged personalty from the county, and because all persons are presumed to have notice of a recorded chattel mortgage, the pledgee of a ring for a loan to chattel mortgagor of the same, on sale of the ring on the mortgagor's default, to a person outside the county, is liable as for conversion.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 468–470; Dec. Dig. ☞ 225(2).]

Appeal from Harris County Court, at Law; C. C. Wren, Judge.

Action by Taylor Bros. Jewelry Company against the Equitable Loan Society and W. W. McDonald. The suit was dismissed as to McDonald, and from judgment for plaintiff the remaining defendant appeals. Affirmed.

Sochat & Lipper, of Houston, for appellant. E. T. Chew, of Houston, for appellee.

LANE, J. This suit was instituted by Taylor Bros. Jewelry Company, appellee, against the Equitable Loan Society, appellant, and W. W. McDonald, and in its petition alleges that on the 1st day of August, 1914, W. W. McDonald was indebted to it in the sum of $330; that to secure the payment of said debt said McDonald made, executed, and delivered to appellee a mortgage on a certain diamond ring, which said mortgage was duly registered, as required by law, on the 4th day of August, 1914; that while said McDonald still owed appellee $247.10 of said indebtedness and while said mortgage was still a valid subsisting unsatisfied lien upon said diamond ring, appellant obtained possession of said ring, sold the same to a nonresident of this state

and thereby converted and placed the same beyond the reach of appellee, without its consent, to its damage in the sum of $247.10, for which it prayed judgment.

Appellant, one of the defendants in the lower court, answered and say that on the 8th day of April, 1915, it was engaged in the business of a pawnbroker; that it was regularly licensed as such, and that it is still such; that on said 8th day of April, 1915, it did sell to one R. Levy a certain diamond ring for $135 in the manner and form as required by law of pawnbrokers, which said ring had theretofore been pledged to it by W. W. McDonald for a loan of $125; that it does not admit or deny that said ring so sold by it to Levy was the ring mortgaged by McDonald to appellee; that if it was the ring upon which appellee held a lien appellant had no notice of the existence of such lien; that said ring was of the value of $125, and no more. And in conclusion appellant says that it did not convert any property upon which appellee held a lien, that it only sold whatever right or title it had acquired by the law of this state governing pawnbrokers, and that in so doing it did not act in derogation of any of the rights of appellee, and that it did not know of any claim of appellee, and that appellee did not notify it of any such claim until long after said ring was regularly sold; that said sale was made in legal manner, and that said ring was sold for a reasonable sum. It being admitted that W. W. McDonald was insolvent, he was dismissed from the suit.

The cause was tried by the court without a jury, and judgment was rendered in favor of appellee against appellant for the sum of $247.10. From such judgment the Equitable Loan Society has appealed.

The undisputed evidence shows that W. W. McDonald was indebted to appellee on August 1, 1914; that he gave appellee a mortgage on the ring in question at that time; that said mortgage was duly registered as required by law on the 4th day of August, 1914; that there was still due and unpaid on said indebtedness of McDonald to appellee the sum of $247.10 at the time this suit was brought; that said mortgage at that time was a valid, subsisting, unsatisfied lien on said ring; that prior to the 8th day of April, 1915, appellant loaned McDonald $125, and took the ring in question in pawn to secure the payment of said loan; that McDonald made default in the payment of said loan, and that on the 8th day of April, 1915, appellant, as a licensed pawnbroker, sold said ring to one R. Levy, a resident of New York, for $125, after advertising the same in manner and form as required by law relative to pawnbrokers, and that appellant thereafter in proper time made proper report of such sale as required by law of pawnbrokers, and that all the proceeds of such sale were applied to the payment of the loan made by appellant to McDonald and costs incident to such sale.

Appellant contends, however, that the judgment rendered against it on the matters alleged and facts proven is not supported by the law of this state, for the reason that when any person procures a loan from a pawnbroker and places a pledge in the possession of such pawnbroker to secure such loan, and thereafter the pawnbroker sells such pledge in manner and form as required by law relating to pawnbrokers, such pawnbroker sells only his interest in the pledge, and does not sell in denial of the rights of the holder of a prior mortgage on the property pledged and sold, although said mortgage was properly registered before the pawnbroker took such property in pledge; that such pawnbroker sells and the purchaser buys only such rights in the property sold as the pledgee and pawnbroker had, and therefore the purchaser buys subject to the prior lien and such sale by the pawnbroker does not constitute a conversion of the property sold by the pawnbroker. In support of its contention appellant cites us to Wootton v. Wheeler, 22 Tex. 338; Robinson Bros. & Co. v. Veal, 1 White & W. Civ. Cas. Ct. App. § 311; Raysor v. Reid & Smith, 55 Tex. 266; Sparks v. Pace, 60 Tex. 298; and Gammage v. Silliman, 2 Willson Civ. Cas. Ct. App. § 14.

By an examination of the cases cited it will be seen that the causes of action declared upon therein arose prior to the passage of article 5660, Revised Civil Statutes of this state (passed in 1879), which provides that no person making a mortgage shall remove the property mortgaged out of the county, nor sell or dispose of the same without the consent of the mortgagee, and in case of any violation of the provisions of such article the mortgagee shall be entitled to the possession of the property and to have the same then sold for the payment of his debt, whether due or not.

The cases cited by appellant tend to support its contention, but we do not think they will apply to the facts of the present case since the enactment of the article of the statute mentioned and especially in view of the fact that the mortgage given by McDonald to appellee, among other things, contained the following:

"I agree that I will use said property carefully, and that I will not sell, hypothecate, mortgage, or dispose of the same, nor suffer it to be removed beyond the confines of Harris county, Texas, or to pass out of my control and possession."

Appellant is charged with the knowledge of the law, and it had constructive knowledge of the registered mortgage held by appellee, and of its provisions, and cannot be heard to say that it had no such knowledge. Having such knowledge at the time it took possession of said ring, and at the time it disposed of the same to Levy, a nonresident of Harris county, and thereby openly violat-

ed the rights of appellee as expressed in both the article mentioned and the terms of the mortgage, it should be held to have converted said property to its own use.

The decisions of our courts rendered since the passage of article 5660 in 1879 are against the contention of appellant, and support the judgment of the trial court. Buffalo Pitts Co. v. Stringfellow-Hume Hdw. Co., 61 Tex. Civ. App. 49, 129 S. W. 1161; Fouts v. Ayres, 11 Tex. Civ. App. 338, 32 S. W. 435; Bailey v. Culver, 175 S. W. 1083; Nunn v. Padgitt, 161 S. W. 921; Adams v. Johnson, 51 Tex. Civ. App. 583, 113 S. W. 176; Scaling v. First Nat. Bank, 39 Tex. Civ. App. 154, 87 S. W. 715, and cases cited. Writ of error refused, Lowe v. Wing, 56 Wis. 31, 13 N. W. 892; Hunter v. Abernathy, 188 S. W. 269; Western Mortg. Co. v. Shelton, 8 Tex. Civ. App. 550, 29 S. W. 494.

In the last case cited the court says:

"We believe the view of the law entertained by the court below (same as here contended for by appellant) as expressed in this charge would have been correct previous to the adoption of our chattel mortgage statute in 1879, in the absence of a special provision in the contract prohibiting such sale; but it will be observed that, both by the terms of the mortgage contract in this case and by the act of 1879, such disposition of the mortgaged property was prohibited."

We find no error in the trial of this case in the court below, and therefore the judgment therein rendered is affirmed.

Affirmed.