### LASATER v. VANDIVER et al.

### No. 8443.

Court of Civil Appeals of Texas. San Antonio. May 21, 1930.

Rehearing Denied June 25, 1930.

J. W. Wilson, of Falfurrias, for appellant.

Perkins & Floyd, of Alice, and Hunt & Hunt and H. G. Butts, all of Houston, for appellees.

COBBS, J.

Appellant sued appellees in the district court of Brooks county, to recover $14,625 damages, for the alleged conversion of thirty-two head of registered Jersey calves.

Appellees Frazer, Lapham, and E. O. Lapham, filed pleas of privilege to be sued in Harris county, the place of their residence, which pleas were controverted by appellant. After hearing the pleas and the evidence, the court sustained the said pleas and ordered the cause transferred to Harris county, but announced that it would proceed with the hearing as to defendant O. E. Vandiver.

This suit is based upon an alleged conversion of calves. Appellant authorized O. E. Vandiver, a live stock commission dealer, to sell thirty-five head of his registered Jersey calves from his dairy known as the Los Conchos Dairy in Brooks County, Tex., for the sum of $110 per head, conditioned that said Vandiver should sell from said dairy thirty-five head of calves under six months of age, and from which sum of $110 he was to receive $10 per head. Said appellant alleged that Vandiver was not given authority to sell less than thirty-five head of Jersey calves from the said Los Conchos Dairy, and was not given authority to sell any calves from any other dairy belonging to appellant.

Appellant further alleged that thereafter Vandiver came to Falfurrias, Brooks county, and brought with him W. A. Frazer and E. O. Lapham, partners, doing business as Frazer & Lapham, and that Ed. O. Lasater, appellant, was out of the state at the time. Vandiver introduced Frazer and Lapham, as prospective purchasers for said Jersey calves to Garland Lasater, the son of appellant. Garland Lasater informed them that he had no authority to sell Jersey calves or to price them, but would have to take up such sale with his father, appellant herein. Then Vandiver told him that he had already made arrangements with Ed. C. Lasater, his father, to purchase 35 head of Jersey calves from the La Mota Dairy and the Los Conchos Dairy of the said Ed. C. Lasater, between the ages of three and six months. This statement of Vandiver was false, in part at least, but Garland Lasater acted upon the representation of

Vandiver and showed said parties the calves of Ed. C. Lasater at the La Mota and Los Conchos Dairies, as well as at the dairy known as the Uno de Gato Dairy; and, acting upon the representation of Vandiver that he purchased the calves from appellant, Garland Lasater delivered thirty-two head of calves to appellees and received $3,520 therefor.

Garland Lasater was in no way the agent of his father and had no authority to price or sell any of the calves to any one, and acted upon the statement of Vandiver, which was false, but believed by him.

After appellant's return home, learning of the sale, he made demand upon appellees for the return of the calves or their value, alleging that they were of the reasonable market value of $14,625. This demand was promptly made in writing and personally, with an offer to return the money paid by appellees, while the calves were still in their possession, but the same was refused and rejected.

Appellant testified that neither his son nor any one else was authorized to sell any stock from the La Mota Dairy. The son told appellees that he had no authority to sell. "I was making no deal with them, but the deal was misrepresented to me, that it was made with my father. I told Mr. Frazer I had no authority to sell. Since I have been in my father's employment I have made no sales on my initiative." Mr. Feenstra testified that he was present in the office and heard Mr. Lasater, appellant, say to Mr. Vandiver, before the sale, that he did not want to sell anything from the La Mota Dairy or the Uno de Gato Dairy, but would sell calves from the Los Conchos Dairy, and that would be all he had to sell.

Appellee was advised and knew that Garland Lasater had no authority to bind his father in the sale of any calves. The son was deceived by the representations made to him by Vandiver in the presence of Frazer and Lapham, and, relying upon those statements and believing them to be true, delivered the calves to appellees.

 It makes no difference that appellees secured a delivery of the calves from the son; it was upon a misstatement of the facts and through fraud, for the son told them he had no authority to make the sale. A son has no greater right to act for his father without authority than an entire stranger would have. The sale, being unauthorized, was void. The calves were taken from Brooks county, the county of their conversion. It was the county in which the fraud was committed, and therefore the county where the conversion took place and the county where the venue exists.

The court erred in its ruling, and the judgment of the trial court is reversed and the cause remanded for trial on its merits in Brooks county.