## CALLIHAN v. FORT WORTH WELL MA-CHINERY & SUPPLY CO.
### No. 13256.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 8, 1935.

Rehearing Denied Dec. 13, 1935.

F. L. Kuykendall, of Austin, for appellant.

J. A. Templeton, of Forth Worth, for appellee.

BROWN, Justice.

On October 17, 1931, George Callihan, appellant, filed suit in the district court of Shackelford county, Tex., for debt against Geo. W. Price, a nonresident of this state, on a note in the sum of $683.06, and subsequently caused an attachment writ to be issued and placed in the hands of the sheriff of Callahan county, under which the said officer levied upon and seized a certain "model D. Fort Worth Spudder, one Case Tractor and all tools and equipment" connected therewith; the levy being made on October 23, 1931.

Appellant, on December 1, 1931, filed his amended petition in the said district court, in which he made Forth Worth Well Machinery & Supply Company, appellee, a party defendant, and in which pleading he sets up his note, the issuance of attachment and lien thus acquired, and alleged that since taking such steps he has learned that appellee is claiming some character of lien on the attached property. He prays for judgment and for foreclosure of his attachment lien as against both said defendants.

Appellee filed its plea of privilege to be sued in the county of its domicile, Tarrant county, Tex., and, subject to such plea, answered to the merits, denying the allegations of the petition, and asserted a cross-action against Cecil A. Morgan, administrator of Price, who was then dead, to re-

cover a large indebtedness and to foreclose chattel mortgage liens on a large quantity of personal property, including that levied upon under the said writ of attachment. Appellee prayed for judgment for its debt and for foreclosure of its liens as against Price's estate and appellant.

Appellee's plea of privilege was overruled, exception taken, and the cause tried on the merits in the district court of Shackelford county, before a jury, and judgment rendered July 12, 1932, awarding appellant recovery on his claimed debt against the said administrator of Price's estate, and for foreclosure of the attachment lien as against both said administrator and appellee.

The only appeal taken from such judgment was by Fort Worth Well Machinery & Supply Company, and it gave no supersedeas bond. The cause being heard before the Court of Civil Appeals (at Eastland), it left undisturbed the judgment obtained by appellant against Price's administrator, but decreed: "In so far as such judgment affects the appellant, the same is reversed, and the cause remanded, with instructions to transfer the venue to Tarrant county."

We take it that the said appellate court remanded the cause for trial upon Callihan's action to foreclose his attachment lien as against the Machinery & Supply Company, as well as upon the cross-action asserted by the said company. The cause is reported in 62 S.W.(2d) 1005 et seq.

No supersedeas bond being given by the said company, Callihan caused the property to be sold under his judgment for debt and foreclosure. He bought the property at the sheriff's sale.

After the reversal and remand, the suit was transferred to the district court of Tarrant county, as between appellant and appellee. In the meanwhile, appellee company had brought an independent suit in the district court of Tarrant county for debt and foreclosure of its chattel mortgage liens as against Price and Callihan.

On motion, the causes were consolidated and tried to a jury.

Before the cause was submitted to the jury on special issues, the machinery company filed a statement reciting that it bases its "right of recovery in this case upon a conversion of the property in controversy as of the date of its seizure and sale by the sheriff of Callahan County and its purchase by the plaintiff and it prays for the value of the property at that time plus interest at the rate of 6% from that time to the present time and all costs of suit."

On January 4, 1934, the machinery company filed its second amended answer and cross-action in lieu of its answer "filed June 30, 1932" (in the district court of Shackelford county), and in its pleading sues Price's administrator for the debt owing by Price and for a foreclosure of its chattel mortage liens on a large amount of personal property, including that levied upon by attachment writ and sold thereunder and purchased by appellant Callihan, and it prays that its lien be decreed to be superior to the said attachment lien. It prays further: "And it further prays for judgment against him (meaning Callihan) for the value of the use, rents and revenues of said property, and it also prays for such other and further relief as it may show itself entitled to, and so it will ever pray."

In the body of its said pleading, the machinery company sets out a history of the litigation, alleging that, subsequent to the institution of the suit, Callihan sued out the writ of attachment and that the sheriff of Callahan county on October 23, 1931, levied upon the spudder, motor, tools, etc., all of which were covered by its mortgage; that it filed its plea of privilege in the district court of Shackelford county which was overruled, and that the said district court rendered judgment on July 12, 1932, in favor of Callihan against Price's administrator for debt with foreclosure of the attachment lien on the particular property seized under the writ, and ordered same sold to satisfy the judgment; that a judgment was rendered for the said company for its debt with foreclosure of its chattel mortgage lien on the remainder of the personal property in which Callihan claimed no interest, as against Price's administrator; that it excepted to the judgment and appealed, but gave no supersedeas bond; that after the appeal Callihan caused an execution to issue on the judgment under which the property attached by him was advertised and sold, Callihan being the purchaser at the sale; and that Callihan "thus acquired possession of said property and he is holding it, using it and claiming it as his own ever since he so purchased it, and he yet claims it adversely to this defendant"; that the Court of Civil Appeals at Eastland reversed the judgment and remanded the cause, sustaining its plea

of privilege and ordered the cause transferred to the district court of Tarrant county. It alleges that Callihan purchased the property on September 10, 1932, and began using it and has continued to do so; that the use of the machinery has reduced its value until it is worth not more than $1,000; that the rental value of the same during the time Callihan has been using it is $1,500. It further alleged: "Said property so attached by plaintiff at the time of its attachment and at the time of the sale thereof and the purchase of same by the plaintiff, as above stated, as defendant verily believes and charges, was of the value of $2,000.00."

On October 4, 1934, said company filed a "supplemental answer" in which it alleges: "This defendant further says that the plaintiff, by his action in attaching said property and causing same to be sold and in purchasing it at such sale and in using it, as set out in this defendant's second amended answer herein filed, has converted same to his own use and benefit, to this defendant's great damage in the sum of $2,000.00, with legal interest thereon from the date of such conversion to the present time. And this defendant now here elects to sue for damages for the wrongs and injuries complained of and for which it prays judgment of the court, and it prays for such other and further relief to which it may show itself entitled."

The opinion of the Court of Civil Appeals and the mandate are brought before us in the record. The mandate discloses that the judgment is: "It is the opinion of the Court that there was error in the judgment in so far as such judgment affects the appellant Fort Worth Machinery & Supply Company and the same is hereby reversed and the cause remanded with instructions to the trial court to transfer the venue of this case to Tarrant County but that in all other respects, the judgment is affirmed."

Callihan having pleaded specially that he is entitled to certain sums expended by him on the machinery to protect it and repair it, etc., the trial court submitted 13 issues of fact to the jury, on which the following findings were made: (1) That the property attached is the same property described in the chattel mortgage Price gave the machinery company; (2) that the property was moved (from Shackelford county where the mortgage was filed for record) to Callahan county (where it was attached) more than four months prior to the date of the attachment writ; (3) that the machinery company had knowledge of the removal; (4) that such knowledge was acquired more than four months prior to October 23, 1931; (5) that the contents of the machinery company's mortgage, filed March 26, 1930, was sufficient to put an ordinarily prudent person upon inquiry as to any indebtedness against the property not mentioned in the mortgage; (6) that the "reasonable market value of the property in question on October 23, 1931," was $2,000; (7) that "the reasonable amount necessary to repair, maintain and protect the property from October 23, 1931, to the present time" is $1,126.

In rendering judgment, the trial court finds that Callihan obtained his judgment for debt and foreclosure of his attachment lien on the property in controversy and that the said property was ordered sold, and a sale made, and that it "was purchased by the said George Callihan, and was appropriated by him to his own use and benefit"; that such judgment as between Callihan and Price's administator is final. The judgment then proceeds to award appellee a recovery of $2,000 damages against appellant "for conversion," with interest, and awards appellant recovery against appellee for $1,126, and orders that this sum be credited on appellee's judgment against appellant.

In this state of the record Callihan has appealed.

We do not believe that appellee's pleading is sufficient to raise the issue of conversion on the part of appellant.

It seems that a proper pleading must allege the time and place of conversion and the reasonable market value of the property converted at the time and place of conversion.

But if the pleadings of appellee can be said to be sufficient to raise the issue, we find that the evidence does not support it. No witness testified to the reasonable market value of the property in controversy at the time and place of the alleged conversion.

In Waldrop v. Goltzman (Tex.Civ. App.) 202 S.W. 335, 337, it is said: "The rule is too well established to require the citation of authority that in cases of conversion of personal property the market value of the property at the place and on the day of conversion is essential to a re-

covery, and that a witness called to testify as to such value must, as a prerequisite to the admission of his testimony, show that he was acquainted with the market value of the property at such time and place."

In Johnson v. Oswald, 151 S.W. 1164, 1165, 1166, the same distinguished jurist, Mr. Justice Talbot of the Dallas Court of Civil Appeals, said: "Without proof of the value of the property at the time and place of its conversion, if converted, there was no basis in the evidence for a judgment against Johnson and Lessing upon the theory that they had converted it. It requires both allegations and proof to authorize and sustain a judgment. The absence of either is fatal."

But appellee abandoned every issue attempted to be raised by it, except that of conversion, and appellant specially pleaded the statute of limitation of two years in bar of appellee's action for conversion.

Appellee pleads no set of facts necessary to take the case out of the statute, but relies upon the amendment known as article 5539b, R.C.S., passed by the 42nd Legislature, Ac's 1931, c. 115, § 1 (Vernon's Ann.Civ.St. art. 5539b).

■ Appellee can find no comfort in this statute, because never before January 5, 1934, did appellee file any pleading either in the district court of Shackelford county or in any such court in Tarrant county, in which it set up any state of facts which could be construed to show a cause of action for conversion. Its suit for conversion was barred when it filed its pleading on January 4, 1934, the one which it claims is sufficient to show conversion.

There is no testimony showing that the personal property is beyond the jurisdiction of the trial court; none showing that it has been injured, or destroyed; none showing that it has depreciated in value; none showing that it is in the hands of any person except the appellant, who is asserted to be a junior lienholder, by appellee; none that Callihan has sold it; none that Callihan has deprived appellee of its right to a foreclosure and sale of the security for the satisfaction of its debt, or that he has hindered it in its effort to so proceed.

The evidence was to the effect that the property had been repaired, parts replaced, was well cared for, and that it was in better condition when the suit was filed than when it was attached by Callihan.

The jury found that Callihan had spent $1,126 on it, repairing it and caring for it.

Appellee cites Scaling v. First Nat. Bank, 39 Tex.Civ.App. 154, 87 S.W. 715, 717, but the opinion states the law to be: "The action is an equitable one, but the mortgagee has shown his damages when he establishes that the defendant has deprived him of his right to a foreclosure and sale of the security for the satisfaction of his debt, and is entitled to recover compensation of such party, measured by the amount of his debt, if that be less than the value of the security lost."

In the case of Buffalo Pitts Co. v. Stringfellow-Hume Hardware Co., 61 Tex.Civ. App. 49, 129 S.W. 1161, 1162, the court approved the charge which required the jury to find that the defendant wrongfully took charge of the property, converted it to his use, without plaintiff's consent, "and the said machinery has been injured and worn out so that the same has become of no value to the plaintiffs, and such machinery has been since such conversion, if any, kept in such a state of control by the defendants that plaintiffs have been unable to exercise their right of foreclosure under their mortgage, you will find for the plaintiffs," etc. Further in the opinion we find this language: "If a third person, without the consent of the mortgagee, appropriates to his own use and destroys the mortgaged property, he is of course guilty of a conversion. It seems also to be held that he is guilty of a conversion when he purchases such property and resells the same to another. This is such an act of ownership in hostility to the mortgage as to constitute a conversion."

■ Appellant, believing his attachment lien to be superior to appellee's, made it a party to his suit for debt and foreclosure in the district court of Shackelford county, and invited it to join issue with him as to the priority of their asserted liens. Appellee wanted to conduct its suit on its debt and for foreclosure of its lien in the county of its domicile, Tarrant county, and urged and prosecuted to the Court of Civil Appeals, at Eastland, its right, and such court granted appellee its request, solely because appellant's counsel did not, by proper pleading, show that appellee could be properly brought before such district court, in his suit. Appellee received a judgment in the district court of Shackelford county for its debt and foreclosure of its chattel mortgage lien as against Price's administrator, and

we take it that because it filed its pleadings asking for affirmative relief, subject to its plea of privilege, such judgment is considered by it as functus officio. Evidently, so considering its status, it prayed for judgment on its debt and for foreclosure of its lien as against the debtor and Callihan, in the Tarrant county trial, but it elected to openly abandon such issue, together with its issues of injury to the machinery seized by appellant and of reasonable rental for the use thereof.

■ This record does not disclose any such adverse claim on the part of appellant, or any such use, or abuse of the property as constituted its conversion. There is no contention that the attachment was wrongfully sued out. Baldwin Motor Co. v. De Ford et al. (Tex.Civ.App.) 282 S.W. 832.

For the reasons assigned, the judgment of the trial court awarding appellee damages against appellant is reversed, and judgment here rendered for appellant; and the said judgment awarding appellant a recovery against appellee is reversed, and judgment here rendered for appellee.