GENERAL MOTORS ACCEPTANCE CORPORATION v. WILCOX.

No. 8310.

Court of Civil Appeals of Texas. Austin.

July 3, 1936.

Rehearing Denied July 15, 1936.

Terrell, Davis, Hall & Clemens, and Theo F. Weiss, all of San Antonio, for appellant.

Wood & Wood, of Austin, and M. B. Colbert, of Granger, for appellee.

BLAIR, Justice.

This appeal is from an order overruling the plea of privilege of appellant to be sued in Bexar county, its domicile. Appellee sued appellant in Williamson county for damages for the conversion of an automobile on which he had a chattel mortgage, and maintained venue in that county under subdivision 9 of article 1995, which provides that where a suit is based upon a trespass it may be brought in the county where the trespass was committed.

The venue of the suit rests upon the time of the accrual of the cause of action for conversion of the automobile as being determinative of the place of the accrual of such cause of action. The trial court found that appellee had a first mortgage on the automobile in question and that appellant committed the act of conversion of it in Williamson county. Appellant contends that regardless of whether appellee had a first mortgage on the automobile, it was not guilty of any wrong and committed no act of conversion in taking possession of the automobile, because the agents of the mortgagor voluntarily surrendered possession of the automobile to appellant, and that therefore no act of conversion was committed until it refused to surrender the same upon reasonable demand, which demand and refusal occurred in Bexar county. We do not sustain the contention.

The facts are as follows: R. E. Kinsel was a retail automobile dealer at Granger, Williamson county, Tex. Appellant sold him a carload of Chevrolet automobiles, including the one in suit, the purchase price being evidenced by a note, and title to the automobile being reserved by a "trust receipt," dated February 26, 1934. On March 13, 1934, Kinsel executed to appellant a "demonstration agreement," by which Kinsel was given the right to use the automobile in suit as a demonstrator. None of these instruments was recorded. On March 27, 1934, Kinsel executed appellant another trust receipt, dated February 26, 1934, in which appellant retained title to the automobile and which authorized appellant to take possession of and to sell same at public or private sale, under the conditions stipulated. This instrument was filed for registration on April 10, 1934. In the meantime, on March 13, 1934, Kinsel borrowed $450 from appellee, executed notes aggregating $465, and secured them by a chattel mortgage on the automobile, which mortgage was filed for registration in Williamson county on the next day. Appellee did not know of the trust receipts of appellant, which under the decisions of this state were mere mortgages on the automobile, at the time he loaned Kinsel the $450 and accepted the notes and mortgage on the automobile. In the latter part of May, 1934, Kinsel disappeared from Granger and his whereabouts were unknown, leaving the automobile in question at his place of business. On June 1, 1934, appellant's agent took possession of the automobile under the terms of the trust receipt, the agent testifying that the employees of Kinsel voluntarily surrendered the automobile to him at Granger, Tex. The agent immediately sent the automobile to Georgetown, Tex.; where he stored it for some seven or eight days, then moved it to Austin, Travis county, where it was placed in storage; and then caused the automobile to be moved to San Marcos, Hays county, where the same was later sold by appellant under its trust receipt agreement.

At the time appellant took possession of the automobile, two of appellee's notes secured by the chattel mortgage on the automobile in suit were past-due and unpaid, and none of the notes was ever paid. The mortgage authorized appellee to take immediate possession of the property upon failure of Kinsel to pay any part of said indebtedness when it became due; and further provided that the property should not be taken out of Williamson county. It is settled law in this state that the conversion of personal property amounts to a "trespass" within the meaning of that term as used in subdivision 9 of article 1995. Frankfurt v. Grayson (Tex.Civ.App.) 80 S.W.(2d) 486; Bowers v. Bryant-Link Co. (Tex.Com.App.) 15 S.W.(2d) 598; Palmer v. Pinkston (Tex.Civ.App.) 282 S.W. 668; 68 C.J. p. 11, wherein "conversion" is defined as follows:

"The legal wrong denominated 'conversion' is any unauthorized act of dominion or ownership exercised by one person over personal property belonging to another in denial of, or inconsistent with, his right."

In 26 R.C.L. 1136, the rule is stated: "A mortgagee of chattels, with present right of possession, may maintain trover against a wrongdoer for the conversion of mortgaged property."

In Texas the right of the mortgagee to sue for conversion is not dependent upon his possession, or his right of possession of the property, because his injury is just as great in one case as the other. Buffalo Pitts

Co. v. Stringfellow-Hume Hdw. Co., 61 Tex.Civ.App. 49, 129 S.W. 1161; Fouts v. Ayres, 11 Tex.Civ.App. 338, 32 S.W. 435.

In the case of Farmers' National Bank v. Dublin National Bank (Tex.Civ. App.) 55 S.W.(2d) 567, it is held that a junior mortgagee, with constructive notice of a senior mortgagee, who consents to taking the mortgaged property out of the county and the sale thereof, agreeing that the proceeds be paid on the junior mortgage debt, is liable in conversion to the senior mortgagee. The relation of appellant and appellee was that of junior and senior mortgagee, respectively, and appellant had constructive notice of the senior registered mortgage of appellee at the time he took possession of the mortgaged property and moved same out of the county, and sold it.

There is no merit to appellant's contention that the automobile was voluntarily surrendered to it by employees of Kinsel. There was no proof that the employees had any authority to act for Kinsel. But even if this were true, such delivery would not be binding upon appellee, who held a senior registered mortgage on the automobile. If Kinsel had been present and had willingly and voluntarily delivered the automobile to appellant's agent, that fact would not have made the possession thereby acquired lawful as against appellee. Bailey v. Culver (Tex.Civ.App.) 175 S.W. 1083; Lasater v. Vandiver (Tex.Civ.App.) 29 S.W.(2d) 428; Equitable Loan Society v. Taylor Bros. Jewelry Co. (Tex.Civ.App.) 189 S. W. 516; Beaumont Rice Mills v. Dishman (Tex.Civ.App.) 72 S.W.(2d) 365.

Nor is there any merit to the contention of appellant that the conversion was not completed until there was a demand for the possession of the automobile and a refusal to deliver same by appellant. As between appellant and Kinsel that rule may have been applicable, but the rule has no application as between appellant and appellee, who held a prior registered mortgage on the automobile, which was notice to the world of its existence. As between Kinsel, the mortgagor, and appellee, the senior mortgagee, both the mortgage and the statute (article 5496) prohibit the removal of the mortgaged property out of the county; and in the case of Oswald v. Giles (Tex.Civ.App.) 178 S.W. 677, 679, it is held: "The purchase of the property by the defendants with notice of the mortgage and its removal from the county of Galveston, without the consent of the holder of the mortgage, was a conversion of the property, and plaintiff, as the assignee of the mortgage, was entitled to sue therefor."

In 26 R.C.L. 1136, the rule is stated that: "Where the mortgagee is given the right to take possession upon the removal or sale of the property, its removal or sale constitutes a conversion for which the mortgagee may bring trover."

In the case of Farmers' Nat. Bank v. Dublin Nat. Bank, supra, it is held that the registration of a senior mortgage is constructive notice to the junior mortgagee, and that where he consents to the sale of the mortgaged property in another county, agreeing to apply the proceeds to his junior debt, he is liable in conversion to the senior mortgagee.

The rule as to demand and refusal in order to fix liability for conversion is stated in 65 Corpus Juris, p. 42, as follows: "It is the general rule that, where some other independent act of conversion can be shown, there is no necessity for a demand for personal property by the person claiming ownership or right to possession, and a refusal by the original taker thereof to deliver it, in order to show a conversion of the property. This is because a demand and refusal are ordinarily treated as merely evidence of conversion, making a prima facie case, and becoming conclusive if not rebutted or explained."

The undisputed evidence shows that appellant committed other independent acts in connection with its taking of the automobile in possession on June 1, 1934. It immediately took the same out of Kinsel's place of business and sent it to Georgetown, another town in Williamson county, where it stored it for several days. Appellant then caused the automobile to be taken to Travis county, where it was stored; that it was taken to San Marcos, Hays county, where it was sold in October, 1934, appellant claiming to have sold it under its trust agreement. Certainly appellant exercised complete dominion over the possession and custody of the automobile from the moment it took possession of it, and since it took possession of it with constructive notice of appellee's mortgage, and has consistently denied that appellee had any right in the automobile, contending always that its trust receipt if considered as a mortgage was prior to that of appellee, and contending that in any event appellee's mortgage was void because it was upon merchandise daily

exposed to sale, in violation of article 4000, R.S.1925, the act of conversion took place when appellant took possession of and carried the automobile out of Williamson county. The evidence on the issue would fully sustain the conclusion of the trial court that the automobile in question was not merchandise daily exposed to sale. Kinsel used it for his family car; kept it at his place of residence. At the time he made the loan, Kinsel drove the car to the First National Bank of Granger, Tex., where the loan was completed. He used the car for all purposes; several witnesses testifying that they had seen it in the streets at the Kinsel home, and that Kinsel had driven them over the county in the car several times. Kinsel used the car both daytime and nighttime. He used the car as a demonstrator for the sale of automobiles. It never stayed in the place of business of Kinsel longer than a day or two, and was never placed in the showroom in Kinsel's place of business. If Kinsel was not in the city of Granger, he either had the car with him, or his wife had the car and used it. Kinsel used the car to make a trip from Granger to St. Louis, Mo., a distance of a little over 900 miles. The automobile did not have a dealer's license, but had the regular 1934 license plates on it. This evidence showed that the automobile in question was not merchandise daily exposed to sale. At least it made a prima facie case to that effect.

We have carefully examined appellant's remaining propositions, and find that they do not present error, and the judgment of the trial court will be affirmed.

Affirmed.