## SMITH v. CITY OF AUSTIN et al.
### No. 9730.

Court of Civil Appeals of Texas. Austin.
June 23, 1948.

John T. Smith, of Austin, representing himself.

Trueman O'Quinn, City Atty., and Robert L. Burns, Asst. City Atty., both of Austin, for appellee.

HUGHES, Justice.

Appellant, John T. Smith, sued to enjoin the City of Austin and its Tax Assessor-Collector, W. T. Williams, Jr., from collecting or attempting to collect from appellant

taxes for the year 1947 based upon valuations in excess of the values made by appellant in rendering his property for taxation.

A temporary injunction was granted. On final trial before the court this injunction was dissolved and judgment rendered denying appellant any relief.

Appellant duly rendered his property for taxation in December 1946. Prior to March 16, 1947, he was sent and received notices that changes (increases) in the assessed valuation of his property had been recommended and would be adopted unless written protest be filed with the Board of Equalization at the City Tax Department by November 7, 1947, one of such notices being set out below:

the notices received by appellant were given in strict conformity with specific provisions of the special charter of the City of Austin, a Home Rule City, authorizing the Tax Assessor-Collector to give notice to the taxpayer if the assessment was changed by either himself or the Board of Equalization.

If the notices received by appellant were sufficient under the statutes cited by him, or if such statutes are inapplicable to the City of Austin, then the judgment of the trial court must be affirmed.

Art. 1053, VACS, provides:

"In all cases where the board of equalization shall raise the value of any property appearing on the lists or books of the asses-

These notices were ignored by appellant, who failed to file a protest with or appear before the Board of Equalization, although such Board was in session for the purpose of hearing taxpayers' complaints at the time of trial.

There is no evidence that the increased valuation of appellant's property is excessive or that he has been in any manner the subject of discrimination.

Appellant's right to relief is based upon the assertion that the notices received by him of changes in the valuation of his property were, in law, invalid and constituted no notice for the reason that they were not sent by the Board of Equalization in conformity with Arts. 1053 and 7206, Vernon's Ann.Civ.St.

The evidence shows, and no contention to the contrary is made by appellant, that

sor, they shall, after having examined such lists or books and corrected all errors appearing therein, adjourn to a day not less than ten nor more than fifteen days from the date of adjournment, such day to be fixed in the order of adjournment, and shall cause the secretary of said board to give written notice to the owner of such property or to the person rendering the same of the time to which said board has adjourned, and that such owner or person rendering said property may at that time appear and show cause why the value of said property should not be raised. Such notice may be served by depositing the same, properly addressed and postage paid, in the city post office."

■ That this Article is not applicable to Home Rule cities clearly appears from study and analysis of the original legisla-

tive act in which it was contained (Acts 1887, 20th Leg., p. 152, Ch. 149) and subsequent legislative history of Chap. 5 (Taxation), Title 28, RCS 1925.

An excellent exposition of this subject is made by appellees in their brief and there is no need for elaboration by the court, for the reason that appellant does not take issue with the conclusion announced above except in this way: He argues that since Sec. 5 of Art. XI of the State Constitution provides that no Home Rule city may by its charter or any ordinance enacted under it contain any provision inconsistent with the Constitution or any general law passed by the Legislature, the charter provisions of the City of Austin, inconsistent with Art. 1053, supra, are invalid because such Article is a general law.

The fallacy of this argument is obvious. A law may be general although it may not include or embrace all the subjects with which it deals. The legislature may classify similar subjects for legislative purposes so long as the classification is reasonable and not arbitrary. Legislative classification of cities or towns according to the mode of incorporation, i. e. by special law, general law and by adopting Home Rule charters, has been long recognized and upheld. City of Sherman v. Municipal Gas Co., 133 Tex. 324, 127 S.W.2d 193.

The City of Austin, as a Home Rule city, is expressly given the power to provide for and regulate its tax affairs by Secs. 7, 8 and 9, Art. 1175, VACS.

The charter provisions of the City of Austin here involved are not and cannot be inconsistent with inapplicable Art. 1053, supra, and they are valid as against the attack made by appellant.

Art. 7206, VACS, is applicable to Commissioners' Courts and its Sec. 5 provides that if the court, sitting as a Board of Equalization, desires to raise the assessment of any person's property it shall order the county clerk to give written notice to the person who made the rendition.

Appellant contends that this Article was not complied with by the City of Austin as it was bound to do under the following provisions of its charter:

"In addition to the powers granted by this Act, it (the board of equalization) shall have the power and perform the same duties as the court of county commissioners in regard to the assessment of property for taxation and the equalization thereof and shall be governed in its procedure and acts in this respect by the same rules and laws of the State of Texas that said county commissioners court is governed by, while sitting as a board of equalization."

This is general "catch all" provision evidently included in the charter for the purpose of giving to the City such powers as the Commissioners Court had in tax matters not specially provided for or regulated in the charter. This is indicated by the language: "In addition to the powers granted by this Act * * *."

The specific procedure set out in the charter, and followed by the city in this case, would prevail over the general provision copied above under well established rules of statutory construction. State v. Stack, Tex.Civ.App., 199 S.W.2d 701 (Austin CCA).

Appellant also complains that the provisions of Art. 7211, VACS, were not followed by the City. What we have said and held concerning Art. 7206 applies with equal force to Art. 7211.

In view of the holding made it is unnecessary to determine if the notice given appellant is in substantial compliance with the statutes cited by him.

The judgment of the trial court is affirmed.

Affirmed.