## URBISH v. CITY OF DALLAS.
### No. 14684.

Court of Civil Appeals of Texas. Dallas.
June 19, 1953.

Rehearing Denied July 17, 1953.

Carlton & Street, Dallas, for appellant.

H. P. Kucera, City Atty., and R. A. Mc-Bean and John C. Ford, Asst. City Attys., Dallas, for appellee.

YOUNG, Justice.

The suit was originally against the Melrose-Rexall Drug, Inc. and Urbish for delinquent taxes—years 1950, 1951—on personal property then owned by the former concern. The judgment appealed from recited that Melrose-Rexall Drug was notoriously insolvent, with dismissal as to it. Appellant Urbish is here protesting the judgment against him of $486.71 covering the same amount of taxes, and the court's holding that the lien therefor was superior to his antecedent first mortgage or contract lien.

Background of the present controversy and other facts material hereto are reflected in the court's findings of fact and conclusions of law; which, in turn, embodied a set of facts agreed to by the parties. We quote therefrom: "Findings of Fact (1) That the plaintiff, City of Dallas, is a municipal corporation of more than 5,000 inhabitants, incorporated and existing under and by virtue of a special Act of the Legislature. That the defendant Melrose-Rexall Drug, Inc., a corporation, is insolvent and has been dismissed from this suit by plaintiff. That the defendant, A. J. Urbish, resides in Dallas, Texas. (2) That the taxes sued for herein were duly and legally levied and assessed by the proper officials of the City of Dallas against the property in question. (3) * * 'Melrose-Rexall Drug, Inc., a Texas Corporation, purchased a changing stock of drugs and merchandise, furniture and fixtures from one A. J. Urbish prior to the year 1950 and to secure the remaining pur-

chase price, made, executed and delivered to said A. J. Urbish its note and chattel mortgage lien. This chattel mortgage was filed of record in the County Clerk's office in Dallas prior to the years the taxes sought to be recovered herein were assessed and levied. 2. For the years 1950 and 1951 Melrose-Rexall Drug, Inc. filed its sworn renditions of personal property it owned January 1, 1950 and 1951 for taxation, on which the Assessor and Collector of Taxes for the City of Dallas assessed taxes in the sum of $232.23 and $176.22 respectively, and that all things required by law to be done have been duly and legally performed by the proper officials of the City of Dallas. 3. That said Melrose-Rexall Drug, Inc. failed to pay said taxes for the years 1950 and 1951, and the same, in the sum of $408.45, plus statutory penalties and interest, are still due and unpaid. 4. That on or about the 17th day of October, 1951 the said A. J. Urbish, by judgment in cause No. 59353–C, wherein A. J. Urbish was plaintiff and Melrose-Rexall Drug, Inc. was defendant, took actual physical possession of all the personal property belonging to said defendant, all of which is itemized and particularly described in said judgment and is the same property on which said A. J. Urbish had a chattel mortgage lien and on which the above mentioned taxes were assessed and levied by the City of Dallas. The value of said personal property so taken was in excess of $4,000.00.' * * * Conclusions of Law (1) Since the defendant, A. J. Urbish, took into his possession and converted to his own use personal property of a value in excess of $4,000.00 upon which taxes were due the City of Dallas, and to secure the payment of which the City of Dallas had a tax lien, it is my conclusion that the tax lien in favor of the City of Dallas is superior to any contract lien of the individual, A. J. Urbish, and that the City of Dallas should recover of defendant A. J. Urbish its taxes in the sum of $408.45, plus penalty and interest as provided for in the Charter of the City of Dallas."

Dallas City Charter (a Home Rule City), in sec. 194 provides in connection with the issue at hand: "A lien is hereby created on all property, personal and real, in favor of the City of Dallas, for all taxes, ad valorem, occupation or otherwise. Said lien shall exist from January 1st in each year until the taxes are paid. Such lien shall be prior to all other claims, and no gift, sale, assignment or transfer of any kind, or judicial writ of any kind, can ever defeat such lien, but the Assessor and Collector of Taxes can pursue such property, and whenever found out, may seize and sell enough thereof to satisfy such taxes. All persons or corporations owning or holding personal property or real estate in the City of Dallas on the first day of January of each year shall be liable for all municipal taxes levied thereon for such year. The personal property of all persons owing any taxes to the City of Dallas is hereby made liable for all of said taxes, whether the same be due upon personal or real property, or upon both."

Appellant's lien was recorded prior to the taxable years of 1950–1951; and it is his contention that appellee, being on notice of his lien against the personal property involved, "and not having proceeded to fix its lien by levying upon the property involved, the City thereby becomes an inferior lien holder to the appellant, who having fixed his lien and having taken possession of the property, the title to which for those purposes was never actually surrendered until final and complete payment by the purchaser, the City of Dallas is no longer in a position to proceed to collect its taxes admittedly due by the Corporation against any person or corporation other than the original tax payer."

The charter lien of the City of Dallas (sec. 194) was recognized by this Court in Texas Employers Ins. Ass'n v. City of Dallas, 5 S.W.2d 614, writ refused; and its validity established in Re Brannon's case, 5 Cir., 62 F.2d 959, writ of certiorari denied City of Dallas v. Ryan, 289 U.S. 742, 53 S. Ct. 692, 77 L.Ed. 1489, the Court holding in part that the charter of the City of Dallas, a Home Rule City, created a prior and superior lien to all others except tax liens of equal dignity. See also the later case of the City of Dallas v. Crippen, 5 Cir., 171 F.2d 526, writ of certiorari denied 336 U.S.

937, 69 S.Ct. 748, 93 L.Ed. 1096, where sec. 194 was construed in relation to relevant state statutes; the Court's conclusions being succinctly expressed in headnotes 2 and 3 of the opinion, viz.: "2. Provision of charter of City of Dallas creating a lien for ad valorem taxes on personalty effective from January 1 of each year is not invalid as conflicting with statute under which tax liens attach to property at time of assessment, since charter of City of Dallas was granted by special act of legislature and has same effect as general statute applicable to Dallas, and since powers granted were such as might have been given to home-rule cities under the constitution. Vernon's Ann.Civ.St.Tex. art. 1060; Dallas City Charter, § 194; Vernon's Ann.St.Tex. Const. art. 11, § 5; Sp.Laws Tex.1907, c. 71. 3. Where bankruptcy of taxpayer took place on February 26, 1947 and assessment rolls of City of Dallas for taxes on personalty for 1947 were not approved by City council and assessment was not made until September 23, 1947, City had a lien for its taxes which was preserved in bankruptcy on all property within City on January 1, by virtue of City charter providing for a lien for ad valorem taxes on personalty effective from January 1, of each year. Dallas City Charter, § 194; Vernon's Ann.Civ.St.Tex. art. 1060; Vernon's Ann.St.Tex.Const. art. 11, § 5; Sp.Laws Tex.1907, c. 71; * * *."

■ The Charter section in question is not inconsistent with Chapter 5, Title 28, Taxation, of the Texas Statutes, in that the articles of Chapter 5, except as clearly indicated in their text, are applicable only to general law cities. See Introduction to Vol. 2A, V.A.C.S., Title 28, "Cities, Towns and Villages," their History Status and Function, by Hon. Trueman O'Quinn of the Austin Bar, pg. XXX. Home Rule cities, such as Dallas, on the other hand, have been expressly granted powers to provide for and regulate their tax affairs; Vernon's Ann.St.Const. art. 11, § 5; art. 1175 V.A.C.S., subdvs. 7–9; Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282; Smith v. City of Austin, Tex.Civ.App., 212 S.W.2d 947.

■ Further in the same connection it is well settled that the Legislature is fully empowered to enact laws creating liens in support of taxes for municipal corporations which will displace antecedent contractual or statutory liens in favor of individuals. Kirk v. City of Gorman, Tex. Civ.App., 283 S.W. 188. This question was involved in State, etc. v. Bank of Mineral Wells, Tex.Civ.App., 251 S.W. 1107, 1112, writ refused, in an opinion by this Court; and although the subject matter there was a levee district tax, the holding is equally applicable to appellee's charter lien. Appropriate language of the cited case is quoted: "A tax lien for the purpose of carrying into execution governmental rights and duties, such as the construction and maintenance of levy [levee] improvement districts are declared to be by the constitutional provisions applicable here, necessarily takes priority over contract liens. The lien exists to secure the accomplishment of a governmental demand, expressed both by the fundamental law, and by legislative enactment to give expression to the police power of the state, and to secure the performance of a governmental function which could not be accomplished if the bonds from the proceeds of which the improvements are to be made are offered for sale upon the condition that the lien given to secure the taxes to discharge the obligation they impose must be deferred and rendered inferior to liens in behalf of citizens resting purely upon private contractual relations."

And appellant, having repossessed the personal property to which said charter lien had attached, in effect converting same to his own use, became liable therefor as a trustee for benefit of appellee municipality. Urbish is in no better position to claim priority than was defendant buyer in Fischer v. Rio Tire Co., Tex.Com.App., 65 S.W.2d 751, 757. The court there adjudicated as superior the tax liability due the City of Wichita Falls and its Independent School District; and in the following language: " * * * Taxes are not classified as ordinary claims. The tax record is open for inspection, and the amount of

taxes due can be ascertained. Failure to list taxes due to the state, county, and city, or any other political subdivision of the state, would not defeat the liability therefor. The buyer must take notice of taxes due, whether listed or not."

■ Appellant's cases in support of the single point of superiority of his contract lien over the tax lien in question have been examined and found not inconsistent with the conclusions above reached. It therefore follows that appellee's lien is prior and superior to the mortgage lien and the landlord's lien which Urbish foreclosed against the Melrose-Rexall Drug, Inc.; inclusive of the judgment lien accruing to appellant in such proceedings.

Judgment of the trial court is accordingly in all respects affirmed.