The CITY OF AMARILLO, Appellant,

v.

RAY BERNEY ENTERPRISES, INC. and C.R. Peters, Appellees.

No. 07–87–0231–CV.

Court of Appeals of Texas, Amarillo.

Jan. 24, 1989.

Donna Clayton, First Asst. City Atty., City of Amarillo, Amarillo, for appellant.

Lon Moser, Moser & Stubblefield, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

The City of Amarillo has appealed from a summary judgment decreeing that the 1984 foreclosure of a 1977 deed of trust lien by Ray Berney Enterprises, Inc. and C.R. Peters extinguished the City's hotel occupancy tax liens, which were imposed after the deed of trust lien attached and before it was foreclosed. Concluding that the Berney corporation and Peters did not establish their entitlement to summary judgment as a matter of law on the ground presented to the trial court, we reverse and remand.

Ray Berney Enterprises, Inc., a California corporation, and C.R. Peters, a resident of the State of Washington, owned real property, improved with a motel thereon, in the City of Amarillo. In 1977, they sold and conveyed the property, retaining a deed of trust lien on the property to secure the payment of the balance of the sale price. Prior to April of 1983 and until February 7, 1984, the property was owned by Northern Hospitality, Inc., subject to the deed of trust lien.

The City of Amarillo is a home-rule city, operating under the provisions of the Home Rule Amendment—Article XI, Section 5—to the Texas Constitution. By virtue thereof, the City is empowered to adopt, and amend, its charter in any manner that is not inconsistent with the constitution or the general laws enacted by the Legislature.

One of the powers constitutionally granted the City is to "levy, assess and collect such taxes as may be authorized by law or by [its] charter [ ]." Tex. Const. art. XI, § 5. In 1913, Article III, Section 1 of the City's charter was enacted to provide, inter alia, that all municipal taxes of whatever character are a lien upon the property taxed, and that the lien shall be prior to all

other claims, sales, assignments, transfers, gifts, and judicial writs.

In its continuing effort to directly enhance and promote tourism and the convention and hotel industry, the Legislature enacted and amended Article 1269j–4.1, Texas Revised Civil Statutes Annotated, to finally authorize any home-rule and incorporated city "to levy by ordinance a tax upon the cost of occupancy of any sleeping room furnished by any hotel,"[1] provided "[s]uch tax may not exceed seven percent of the consideration paid by the occupant of the sleeping room to the hotel."[2] The statute was repealed and its provisions were reenacted as a part of the state's continuing statutory revision program, and they now appear as sections of the Texas Tax Code. As reenacted, the authorization for the hotel occupancy tax is in this language:

A municipality by ordinance may impose a tax on a person who, under a lease, concession, permit, right of access, license, contract, or agreement, pays for the use or possession or for the right to the use or possession of a room that is in a hotel, costs $2 or more each day, and is ordinarily used for sleeping.

Tex.Tax Code, § 351.002(a) (Vernon Supp. 1989). The maximum tax authorized for a home-rule city remains at seven percent of the price paid for the room. Tex.Tax Code, § 351.003(a) (Vernon Supp.1989). Additionally, the Code provides that collection of the tax may be enforced by suit, brought against the person required to collect and pay the tax to the municipality, to enjoin that person from operating the hotel until the tax is paid, which "is in addition to other available remedies." Tex.Tax Code, § 351.004 (Vernon Supp.1989).

On December 8, 1981, the City, to secure revenues to further promote its tourism, convention, and hotel business, passed an ordinance, then designated as Sections 22–21 through 22–27 of its municipal code, to impose "upon the cost of occupancy of any room or space furnished by any hotel" a "tax to be equal to seven (7) percent of the consideration paid by the occupant for such room to such hotel." Amarillo, Tex., Code § 22–22 (1981). Section 22–26 prescribes the penalties for failure to collect the taxes, file the required monthly reports, and pay the taxes, or for filing a false report. The section provides further that upon the hotel operator's failure to file the reports and pay the tax for any period, the City tax assessor-collector is authorized to make an assessment of the tax for such period, and that "[t]he tax assessed, together with any penalties provided by statute, shall be a prior and superior lien on all property of the motel." Amarillo, Tex., Code § 22–26 (1981).

Afterwards, when Northern Hospitality, Inc. had not paid occupancy taxes from April, 1983 through January, 1984, the City tax assessor-collector assessed the taxes against that corporation and, to enforce payment, filed several affidavits before and after February 7, 1984, to fix tax liens upon the property then owned by Northern Hospitality, Inc. and subject to the 1977 deed of trust lien. In the interim, on February 7, 1984, because the balance of the 1977 sale price had not been paid, the 1977 deed of trust lien was foreclosed by a substitute trustee, who conveyed the property to the purchasers, Ray Berney Enterprises, Inc. and C.R. Peters.

Thereafter, the Berney corporation and Peters filed the action underlying this appeal to obtain a declaratory judgment. The declarations sought were that their 1977 deed of trust lien was prior to the City's hotel occupancy tax liens; that their 1984 foreclosure of the lien on the property extinguished the tax liens; that the tax liens be removed as clouds upon their title to the property; and that the hotel occupancy ordinance is unconstitutional as attempting to impose a priority of liens by an ex post facto application.

---

1. "Hotel" is defined as "a building in which members of the public obtain sleeping accomodations for consideration," and includes "a hotel, motel, tourist home, tourist house, tourist court, lodging house, inn, or rooming house." Tex.Tax Code, § 156.001(1) (Vernon Supp.1989).

2. Act of June 19, 1983, ch. 944, § 1, 1983 Tex. Gen.Laws 5195, *repealed* by Act of May 27, 1987, ch. 191, § 12, 1987 Tex.Gen.Laws 1410, 1466.

After the City answered and replied to interrogatories, the Berney corporation and Peters moved for summary judgment. The sole ground of their motion was that their 1977 deed of trust lien, being first in time, was superior to the City's tax liens, because the ordinance's provision that the occupancy tax assessed "shall be a prior and superior lien on all property of the motel" is in violation of Article 1, § 16 of the Bill of Rights of the Texas Constitution, which provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." Tex. Const. art. I, § 16.

The motion for summary judgment was accompanied by an affidavit executed by counsel for the Berney corporation and Peters, and by copies of the 1977 deed of trust, appointment of substitute trustee, and the substitute trustee's deed. In the affidavit, counsel acknowledged that at the time he, as substitute trustee, foreclosed the deed of trust lien, he knew of the existence of the City's tax liens, but that "[i]n my opinion and the opinion of other attorneys specializing in land titles, the foreclosure of the pre-existing and recorded Deed of Trust lien effectually discharged the Hotel Occupancy Tax liens."

The City answered the motion for summary judgment by submitting certified copies of the pertinent portions of its charter and municipal code, sworn copies of the affidavits filed to attach the tax liens referred to earlier, and counsel's affidavit. Initially, the City acknowledged that it did not take issue with the factual background set out in the affidavit accompanying the motion, but maintained that the legal opinion expressed in the affidavit as to the discharge of the tax liens is without probative value.

Next, the City asserted that the motion should be defeated because its ordinance imposing the hotel occupancy tax does not violate the constitutional provision relied upon as the basis of the motion. In this regard, the City proposed that its tax liens did not impair any contractual rights because the Berney corporation and Peters exercised their contractual rights and fore-closed their deed of trust lien; and, even if the ordinance is considered a retroactive law, it does not impair any pre-existing contractual rights because such rights are subordinate to the right to impose taxes for governmental purposes.

Hearing the motion, the trial court rendered summary judgment. In the judgment, the court decreed that the 1977 deed of trust lien foreclosure and sale cut off and extinguished the City's hotel occupancy tax liens, and that the cloud upon the title of the real property constituted by the tax liens is removed.

In its appeal, the City contends with a single point of error that the Berney corporation and Peters failed to show as a matter of law that they were entitled to summary judgment on the grounds set forth in their written motion. We agree.

As stated earlier, the Berney corporation and Peters moved for summary judgment on the sole ground that the City's ordinance imposing the hotel occupancy tax lien was violative of Article I, Section 16 of the Texas Constitution in that the ordinance operated retrospectively to impair their vested rights under the deed of trust. Then, to be entitled to summary judgment, the Berney corporation and Peters were required to conclusively prove the elements of that ground as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

At the outset of determining whether the summary judgment rendered can stand on the merits of the ground expressly presented to the trial court, it is to be noticed that the Berney corporation and Peters do not challenge the right of the City to impose by ordinance liens on hotel properties for non-payment of hotel occupancy taxes which were levied pursuant to legislative authority. Thus, they do not challenge the constitutionality of the ordinance per se; instead, they contend that its application is unconstitutional as to them because it operated retrospectively to impair their contractual rights in their deed of trust. Hence, we are called upon to only address and decide whether they conclusively established that

contention in this summary judgment proceeding.

■ The City's constitutionally granted general power to levy, assess, and collect such taxes as may be authorized by law or its charter, as well as the specific legislative authorization granted the City to levy and collect hotel occupancy taxes, existed before the 1977 deed of trust was executed. Consequently, it must be accepted, both from a priority of time and as a general rule, that the deed of trust was subject to the existing authority of the City to levy and collect hotel occupancy taxes for governmental purposes. *State v. Wynne,* 134 Tex. 455, 133 S.W.2d 951, 956 (1939), *appeal dism'd,* 310 U.S. 610, 60 S.Ct. 980, 84 L.Ed. 1388 (1940). In this light, the City's ordinance imposing the hotel occupancy taxes and superior liens for nonpayment of them does not constitute a retroactive law which impaired the lienholders' pre-existing contractual rights; it merely activated the power reposing in the City to enforce the payment of taxes lawfully imposed for governmental purposes, to which any private contractual rights were subordinate at the time the deed of trust was executed. *State v. Bank of Mineral Wells,* 251 S.W. 1107, 1113 (Tex.Civ.App.—Dallas 1923, writ ref'd).

■ Beyond that, it also must be noticed that with reference to the constitutional prohibition against retroactive laws impairing the obligation of contracts, it has been held that "[b]y the obligation of a contract is meant the means, which at the time of its creation the law afforded for its enforcement." *Langever v. Miller,* 124 Tex. 80, 76 S.W.2d 1025, 1032–33 (1934), quoting from *Dallas County Levee Improvement Dist. No. 6 v. Rugel,* 36 S.W.2d 188, 189 (Tex. Comm'n App.1931). The summary judgment proof did not evidence that the ordinance affected the means by which the Berney corporation and Peters enforced the rights afforded them under the deed of trust; on the contrary, the proof showed that they enforced those rights without interference from the operation of the ordinance.

Still, the Berney corporation and Peters, submitting that they expected to foreclose their prior deed of trust lien in case of default and thereby cut off or discharge junior and inferior liens, argue that the City's ordinance is an impairment of their contractual obligation because they would be obligated to pay the assessed occupancy taxes they never had any intention to pay. The argument is not persuasive under this summary judgment record.

First, it is appropriate to mention that the lienholders' expectations outside the stipulations in the deed of trust, as well as the legal opinion expressed in their counsel's affidavit that the foreclosure of the deed of trust lien discharged the occupancy tax liens, are inoperative as to the legal effect of the undisputed facts. *Reynolds v. McMan Oil & Gas Co.,* 11 S.W.2d 778, 786 (Tex. Comm'n App.1928, holding approved). Second, as we previously determined, the Berney corporation and Peters did not establish as a matter of law that the City's tax liens were junior and inferior to their deed of trust lien. And third, it may be admitted that any tax, and particularly one enforceable by a tax lien, imposed after the attachment of a deed of trust lien may give rise to an obligation the lienholder did not intend to flow from the foreclosure of his lien; but, the reality of the obligation arising later is not the impairment of a contractual obligation prohibited by the constitution. *Accord, Urbish v. City of Dallas,* 260 S.W.2d 148, 149–51 (Tex.Civ.App.—Dallas 1953, writ dism'd).

It follows that the Berney corporation and Peters did not establish as a matter of law that the City's ordinance was a retroactive law that impaired the obligation of their contractual rights under the 1977 deed of trust. Consequently, they did not meet their burden of proof to entitle them to the summary judgment rendered on that ground. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). The City's point of error is sustained.

Accordingly, the summary judgment is reversed and the cause is remanded to the trial court.

## JUDGMENT

This cause came on to be heard on the transcript of the record and the same being inspected and it appearing to the Court that there was error in the judgment, it is therefore ordered, adjudged and decreed that the summary judgment of the trial court is reversed and the cause is remanded to the trial court.

It is further ordered, adjudged and decreed that appellees RAY BERNEY ENTERPRISES, INC. AND C.R. PETERS, pay all costs in this behalf expended for which let execution issue.

It is further ordered that this decision be certified below for observance.