**CITY OF WICHITA FALLS, the Wichita Falls Independent School District and the County of Wichita, Appellants,**

v.

**ITT COMMERCIAL FINANCE CORPORATION, Appellee.**

No. 2–91–084–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 7, 1992.

Rehearing Overruled Feb. 11, 1992.

Perdue, Brandon, Fielder, Collins & Mott, Harold Lerew, Wichita Falls, appellants.

Fillmore & Purtle, Jay A. Cantrell, Wichita Falls, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

The appellants, who are the taxing authorities in Wichita County, seek to reverse the trial court's summary judgment ruling against them. Because we hold that the appellants did not have a sufficient possessory interest in the personal property being taxed, their cause for conversion against the recorded lienholder who had foreclosed their interest on the automobiles, is without legal basis. Judgment affirmed.

The facts in this case are not in dispute. In 1985 and 1986 Danny Sides Subaru, Inc., which was located in the City of Wichita Falls, failed to pay the personal property taxes assessed against his inventory of automobiles. ITT Commercial Finance Corporation, the appellee, had a valid and properly perfected security interest in these cars for 1985 and 1986. Because Sides was in bankruptcy, the appellees, on June 6, 1986, repossessed an inventory of forty autos from Sides' dealership and had them sold. The appellants subsequently requested that the appellee pay the delinquent personal property taxes on those cars in the amount of $22,981.07. Because appellee refused to pay the taxes, suit was brought by the appellants against the appellee for conversion.

The appellant tax units have admitted that they were not entitled to immediate possession of the automobile inventory of Danny Sides Subaru except by use of a tax warrant procedure or by foreclosure of their tax liens by judicial proceeding. The district court granted the appellee's motion for summary judgment based upon the appellants' lack of the right of immediate possession of the automobile inventory.

The appellants had initially brought seven points of error on this appeal but at the submission of this case, they waived their last five points of error, electing to stand only on their first two points of error. In these two points the appellants complain that the trial court erred in concluding that an immediate right of possession is necessary to maintain a cause of action for conversion because a statutory tax lien is a sufficient interest in property to maintain a cause of action for conversion.

■ The relevant portions of the Texas Tax Code relied upon by the appellants are sections 32.01 and 32.05.

§ 32.01. Tax Lien

On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on that

property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

. . . .

§ 32.05. Priority of Tax Liens Over Other Property Interests

(b) ... a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

TEX.TAX CODE ANN. § 32.01 (Vernon Supp. 1992) and § 32.05(b) (Vernon 1982).

■ The obvious language of the statute proclaims the taxing authorities priority over the previously filed liens which may encumber the property in question. But the appellants without the benefit of authority then base their argument for conversion against the appellee upon the RESTATEMENT (SECOND) OF TORTS § 243 comment b (1965) which does not require possession of the property to sustain their action. Unfortunately for the appellants the portion of the Restatement relied upon is not the current law in the state on conversion. Either ownership, possession, or the right of immediate possession of the property to the party aggrieved is a requirement for an action in conversion.

In the case of *Anchor Mortg. Serv., Inc. v. Poole*, 738 S.W.2d 68, 69 (Tex.App.—Fort Worth 1987, writ denied) this court discussed the requirement of possession in an action for conversion:

Conversion is the unauthorized and wrongful exercise of dominion and control over another's personal property, to the exclusion of or inconsistent with the rights of the owner. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). It is essential that the plaintiff establish some interest in the property as of the time of the alleged conversion such as title or otherwise *some right to*

*possession.* *Guinn v. Lokey*, 151 Tex. 260, 249 S.W.2d 185, 186 (1952).

*Id.* (emphasis added).

The modern authorities in Texas are consistent with the above referenced rulings of this court. Three general circumstances where a litigant can bring an action for conversion are recognized. In *Lone Star Beer v. First Nat'l Bank*, 468 S.W.2d 930, 934 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.) the court stated those circumstances, as follows:

In order to recover on a theory of conversion, it is necessary that Lone Star Beer allege and prove one of three things, that being, that it is the owner of the property converted or that it had legal possession of the property so taken or that it is entitled to possession.

*Id.*

The U.S. 5th Circuit Court of Appeals, construing Texas law, has also recognized the requirement of ownership, possession, or entitlement to possession as prerequisite to maintaining a cause of action for conversion. In *Mack v. Newton*, 737 F.2d 1343, 1355 (5th Cir.), *reh'g denied*, 750 F.2d 69 (5th Cir.1984) the court stated:

Under Texas law it is well settled that in order to recover on a theory of conversion one must at the time of the conversion either have some character of ownership interest in the specific property converted or be in legal possession of it or then entitled to its possession.

*Id.*

Though the appellants have analogized their position as being similar to those cases dealing with conversion between lienholders under a chattel mortgage, (*see* *Fouts v. Ayres*, 11 Tex.Civ.App. 338, 32 S.W. 435 (1895, no writ); *Oats v. Dublin Nat'l Bank*, 127 Tex. 2, 90 S.W.2d 824 (1936); *Highland Park State Bank v. Continental Nat'l Bank*, 300 S.W.2d 304 (Tex. Civ.App.—Fort Worth 1957, writ ref'd n.r.e.); *Buffalo Pitts Co. v. Stringfellow-Hume Hardware Co.*, 61 Tex.Civ.App. 49, 129 S.W. 1161 (1910, no writ)), these authorities ultimately fail because of dissimilarity to these facts or because possession was also a requirement. Certain other

cases relied upon by the appellants show a right of possession on the part of the plaintiff by virtue of judicial proceedings. In these cases the plaintiff diligently pursued judicial remedies and sought to vindicate their respective rights under these decrees prior to their action for conversion. *See Focke v. Blum,* 82 Tex. 436, 17 S.W. 770 (1891); *Mogul Producing & Ref. Co. v. Southern Engine & P. Co.,* 244 S.W. 212 (Tex.Civ.App.—Beaumont 1922, no writ).

The appellants come closest to approaching controlling authority for their cause in *Urbish v. City of Dallas,* 260 S.W.2d 148 (Tex.Civ.App.—Dallas 1953, writ dism'd). In *Urbish* the City of Dallas brought suit for conversion against the secured creditor who had a lien on the inventory of a drug store. The creditor, in that case, had repossessed and sold the inventory of the drug store. The City of Dallas claimed a prior lien on the inventory and asserted that such sale and disposition of collateral was in contravention of its rights in such collateral as an *ad valorem* taxing entity. The Dallas Court of Civil Appeals upheld the City's right to bring a cause of action for conversion under the circumstances of the *Urbish* case.

However, in *Urbish* the City relied upon section 194 of the Charter of the City of Dallas which provided, in pertinent part that:

[T]he Assessor and Collector of Taxes can pursue such property [the property upon which the City of Dallas claimed an automatic lien for *ad valorem* taxes as of January 1 of each year], and whenever found out, may seize and sell enough thereof to satisfy such taxes.

*Id.* at 149. The quoted section of the Dallas City Charter gave that City a right which appellants do not have under the current statutory scheme for tax collection: the right to take immediate possession of the property in question.

Appellants as *ad valorem* taxing units had no right of possession of the subject inventory except by use of a tax warrant procedure or by foreclosure of its tax lien by judicial proceedings. No proceedings in court had been instituted by the appellants at the time the appellee foreclosed their lien. The argument of the appellants is based solely on their contention that they had rights in the subject inventory by virtue of their tax lien.

In *P & T Mfg. Co. v. Exchange Sav. & Loan Ass'n,* 633 S.W.2d 332, 333 (Tex. App.—Dallas 1982, writ ref'd n.r.e.) the plaintiff had filed a mechanic's lien on certain property subsequent to the filing of a deed of trust lien on the property by the defendant. The plaintiff claimed its lien to be superior to the defendant's deed of trust lien on certain removable items which had been installed to the improvements on the property. The defendant foreclosed upon its deed of trust and was subsequently sued by the plaintiff claiming that the defendant had converted the plaintiff's mechanic's lien in the removable items by its foreclosure. The plaintiff had not instituted any judicial foreclosure on its lien prior to the defendant's foreclosure.

The court affirmed the district court's summary judgment in favor of the defendant which denied the plaintiff's claim to sue for conversion. The court stated:

Conversion is concerned with possession, not title; it is complete where a person unlawfully and wrongfully exercises dominion and control over the property of another to the exclusion or defiance of the *right of possession of the owner or of the person entitled to the possession of the property involved. McVea v. Verkins,* 587 S.W.2d 526 (Tex. Civ.App.—Corpus Christi 1979, no writ). In the present case P & T is admittedly not the owner of the cabinets and countertops, nor is P & T entitled to possession of this property merely on the strength of its claim of the lien it asserts on the cabinets and countertops. P & T would only be entitled to claim possession of the cabinets and countertops after obtaining judicial foreclosure on the property. We hold that absent a judicial foreclosure P & T does not have any right to the legal possession of the cabinets and countertops. We conclude, therefore, that P & T has failed to estab-

lish a cause of action for conversion as a matter of law.

*Id.* (emphasis added). The holding of the court in the *P & T* case has a significant bearing on appellants' position in this case, since both a mechanic's lien claimant and *ad valorem* tax liens must be judicially foreclosed and confer no immediate right of possession. Because we conclude that possession or the right to possession is a key element to maintain an action in conversion we must uphold the trial court's denial of appellants' cause of action. Their two points of error are overruled.

Judgment affirmed.