CENTRAL APPRAISAL DISTRICT OF TAYLOR COUNTY, Appellant,

v.

DIXIE–ROSE JEWELS, INC.
et al., Appellees.

No. 11–94–053–CV.

Court of Appeals of Texas,
Eastland.

Feb. 23, 1995.

Shelburne J. Veselka, Kirk Swinney, McCreary, Veselka, Bragg & Allen, Austin, for appellant.

Sam J. Chase, Thomas Choate, Abilene, for appellees.

Before McCLOUD*, C.J., and BROWN* and DICKENSON, JJ.

## OPINION

RALEIGH BROWN, Justice (Retired).

This is a summary judgment case. The issue in this case is the determination of the superiority of rights as to personal property of Dixie–Rose Jewels, Inc. Central Appraisal District of Taylor County claims that it has a superior right to the property pursuant to TEX.TAX CODE ANN. § 32.01 (Vernon Supp.1995). Security State Bank claims that it is the owner of the property free and clear of the taxing authority's lien.

The facts of the case are not in dispute. Dixie–Rose owned personal property subject to taxation by the Appraisal District. On January 1, 1993, tax on the property amounted to $6,435.95. Prior to January 1, 1993, and subsequent thereto, the property was also subject to a perfected security interest in favor of the Bank. On October 1, 1993, the Bank foreclosed its lien on the property and took possession of same. The Bank began to sell the property on October 4 and applied the proceeds to the debt owed by Dixie–Rose. On October 21, 1993, the Appraisal District obtained a temporary restraining order prohibiting the Bank from any further sale of the property. The taxing authority had given no notice to the Bank of any tax lien or of any taxes owed on the property; nor had the taxing authority taken any action to file the lien, foreclose on the lien, or take possession of the property before October 21, 1993. The parties agreed to

dissolve the temporary restraining order and have the Bank deposit an amount of money with the trial court to cover the delinquent taxes and related fees. Both parties moved for summary judgment and claimed the monies deposited with the court. The Bank's motion was granted, and the taxing authority's motion was denied.

■ In two points of error, the Appraisal District urges that the trial court erred in granting summary judgment in favor of the Bank because, as a matter of law, the taxing authority's lien was superior to that of the Bank and that the trial court erred in failing to grant the Appraisal District's motion for summary judgment. In a cross-point, the Bank argues that the trial court erred in denying its recovery of attorney's fees.

Section 32.01 provides that a tax lien attaches on January 1 of each year in favor of the taxing entity to property as security for payment of all taxes imposed for the year on that property. TEX.TAX CODE ANN. § 32.05(b) (Vernon 1992) provides that the tax lien takes priority over any other security interest, whether or not the security interest existed before the attachment of the tax lien except for exceptions set out in TEX.TAX CODE ANN. § 32.05(c) (Vernon 1992). Section 32.05(c) exceptions are not applicable in the instant case; therefore, the tax lien of the Appraisal District is superior to the security interest of the Bank.

For it to prevail in the instant case, the Bank must establish either that the tax lien may not be enforced against the property in its hands or that the Appraisal District's lien was extinguished by the Bank's foreclosure on the property. TEX.TAX CODE ANN. § 32.03 (Vernon 1992), "Restrictions on Personal Property Tax Lien," states in part:

> (a) A tax lien may not be enforced against personal property transferred to a buyer in ordinary course of business as defined by Section 1.201(9) of the Business & Commerce Code for value who does not have actual notice of the existence of the lien.

TEX.BUS. & COM.CODE ANN. § 1.201(9) (Vernon 1994) defines "[b]uyer in ordinary course of business" as:

§ 74.003(b) (Vernon 1988).

* Retired, Court of Appeals, Eastland, sitting by assignment pursuant to Tex.Gov't Code Ann.

[A] person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker.... "Buying" may be for cash or by exchange of other property or on secured or unsecured credit and includes receiving goods or documents of title under a pre-existing contract for sale *but does not include a transfer* in bulk or *as security for or in total or partial satisfaction of a money debt.* (Emphasis added)

■ The parties stipulated that the Bank acquired the property by foreclosure in satisfaction of a money debt. The Bank does not qualify as a "[b]uyer in the ordinary course of business" under Section 1.201(9).

The Bank points out that the parties have stipulated that the Bank is now the "owner" of the property. However, the tax lien remains enforceable against the encumbered property. Section 32.03 expressly makes personal property held by "[b]uyers in the ordinary course of business" immune from the taxing authority's lien. The legislature could have made all subsequent purchasers and owners immune to such liens, but it did not.

The Bank relies on *City of Wichita Falls v. ITT Commercial Finance Corporation,* 827 S.W.2d 6 (Tex.App.—Fort Worth), *rev'd in part on other grounds,* 835 S.W.2d 65 (Tex. 1992). In that case, the defendant, a secured creditor, foreclosed on property encumbered by a Section 32.01 tax lien and had the property sold. Upon the secured creditor's refusal to pay the bankrupt debtor's tax bill, the taxing authority sued the secured creditor for *conversion.* In the present case, the taxing authority did not sue for personal liability for conversion but, rather, sued for foreclosure on the personal property found in the hands of the Bank.

The Bank urges that its foreclosure on the property of Dixie–Rose terminated the interest of Central Appraisal District. We disagree. To hold that the foreclosure by the Bank of its inferior lien would cut off the rights of Central Appraisal District's superior lien would make Section 32.05 meaningless. We will not presume that the legislature enacted a meaningless law. *Hunter v. Fort Worth Capital Corporation,* 620 S.W.2d 547 (Tex.1981).

The Appraisal District's points are sustained; therefore, it is not necessary to consider the Bank's cross-point. TEX.R.APP.P. 90(a).

The judgment of the trial court is reversed, and judgment is rendered that the funds deposited with the trial court be distributed to the Central Appraisal District of Taylor County.

DICKENSON, J., not participating.